RYAN ALEXANDER
Nevada Bar No. 10845
RICHARD ENGLEMANN
Nevada Bar No. 6965
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd. Ste. 10
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
Ryan@RyanAlexander.us
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| YARITZA HERNANDEZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ARIA RESORT & CASINO, LLC, a Nevada Limited Liability Company, MGM RESORTS INTERNATIONAL, a Delaware Corporation; and DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-725<br><br>**COMPLAINT**<br><br>**CLAIMS FOR RELIEF:**<br>1) **Violation of the Family Medical Leave Act**<br>2) **Discrimination and Retaliation - 42 U.S.C. §12101, et seq.**<br>3) **Discrimination - NRS 613.330**<br>4) **Negligent Infliction of Emotional Distress**<br>5) **Negligent Hiring, Retention or Supervision**<br><br>**JURY DEMAND** |

COMES NOW Plaintiff YARITZA HERNANDEZ ("Plaintiff," "HERNANDEZ"), by and through her attorneys of record, Ryan Alexander and Richard Englemann of the Ryan Alexander, Chtd., as and for her complaint against Defendants ARIA RESORT & CASINO, LLC, a Nevada Limited Liability Company, MGM RESORTS INTERNATIONAL, a Delaware Corporation, DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive (hereinafter collectively referred to as "ARIA" or "Defendants"), and hereby complains, alleges and states as follows:

**PARTIES**

1. Plaintiff YARITZA HERNANDEZ is an individual resident of Clark County, Nevada.

2. Defendant ARIA RESORT & CASINO, LLC is a Nevada Limited Liability Company doing business as "Aria Resort & Casino" in Clark County, State of Nevada.

1

3. Defendant MGM RESORTS INTERNATIONAL is a Delaware Corporation.

4. On information and belief, Defendant HAKKASAN LIMITED is a corporation domiciled in Great Britain, registered for business in Nevada and since the events alleged in this Complaint has acquired the assets, property and interest of ARIA.

5. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendant hereinafter designated as DOES 1-X, inclusive, and/or ROE CORPORATIONS 1-X, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

6. Upon information and belief, at all times pertinent, Defendant were agents, servants, employees or joint ventures of every other Defendant herein, and at all time mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other Defendants.

7. The Defendants are jointly and severally liable for each Defendant's actions.

### VENUE AND JURISDICTION

8. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 to redress the wrong done to them. Such action constituted discrimination on the basis of disability and retaliation.

9. Plaintiff timely submitted charges of discrimination on the basis of disability to the Nevada Equal Rights Commission.

10. The Equal Rights Opportunity Commission (EEOC) assumed jurisdiction over Plaintiff's jurisdiction over Plaintiff's charges pursuant to Title 42 United States Code § 2000 (e) and 42 U.S.C. § 12101, et seq..

11. The EEOC issued Plaintiff a "Determination and Notice of Rights" to sue within 90 days on or about February 14, 2024.

12. Jurisdiction is conferred on this Court by 42 U.S.C. § 12101, et seq.

13. This Court has supplemental jurisdiction over the remaining Claims for Relief.

14. Venue for all causes of action stated herein lies in the District of the State of Nevada pursuant to

28 U.S.C. § 1391 as the acts alleged as a basis for federal claims took place within the boundaries of that district.

## GENERAL ALLEGATIONS

15. Plaintiff HERNANDEZ is an adult female, and was an employee of Defendant MGM RESORTS INTERNATIONAL properties from March 6, 1999 to January 2014, and then spent several years at other casino properties in security positions and as a cage cashier.

16. HERNANDEZ had been in her current role as a cage cashier at ARIA from October 12, 2021, until the incident at issue occurred.

17. The Defendants are employers within the State of Nevada and within the jurisdictional coverage of *Title VII of the Civil Rights Act*.

18. HERNANDEZ had positive manager feedback in 2022 and 2023, with several human resources application entries complimenting her hard work managing her cage alone on a shift, and several times for coming in on days off to cover for co-workers' shifts.

19. As early as June of 2021, HERNANDEZ had been diagnosed with breast cancer.

20. ARIA was aware of HERNANDEZ' cancer diagnosis.

21. Between October 2021 and March 2023, HERNANDEZ requested to take Family and Medical Leave Act ("FMLA") leave twice and was denied by ARIA twice.

22. Despite the formal FMLA denials, until March 2023, her ARIA managers accommodated HERNANDEZ' leave and attendance requests for cancer treatment and for cancer-related pain.

23. On or about March 9, 2023, Defendants' human resources notified HERNANDEZ that she as subject to "Suspension Pending Investigation" due to her attendance.

24. HERNANDEZ maintained contact with Defendants' human resources and provided further medical documentation requested by ARIA, completed by her medical provider on April 7, 2023.

25. HERNANDEZ requested FMLA a third time and was approved to take Family and Medical Leave Act ("FMLA") leave, due to her breast cancer treatments and pain.

26. HERNANDEZ's FMLA request was given Claim Number 2189388 and was listed as "Approved" for "Intermittent" FMLA leave as of April 13, 2023.

27. On April 13, 2023, ARIA issued HERNANDEZ an FMLA approval letter.

28. After approving HERNANDEZ for FMLA leave, HERNANDEZ was not allowed to return to work.

29. On April 28, 2023, HERNANDEZ was told that she would be terminated.

30. On May 1, 2023, ARIA formally terminated HERNANDEZ' employment.

31. The "Separation PAN" letter of May 1, 2023, explains that she was terminated for attendance policy violations.

32. Plaintiff was terminated due to her cancer disability and in retaliation for engaging in protected activity by using FMLA leave.

33. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"); the EEOC issued a Right to Sue letter on June 2, 2014.

34. The aforementioned acts and conduct by Defendant, its agents and employees were intentional, willful, wanton, malicious, and outrageous.

## FIRST CLAIM FOR RELIEF

### (Violation of Family Medical Leave Act)

35. Plaintiff hereby repeats and alleges all previous paragraphs as though fully set forth herein.

36. On May 1, 2023, defendant ARIA terminated Plaintiff for taking leave for cancer treatment and associated side effects and refused FMLA privileges in willful violation of Plaintiff's rights under the Family Medical Leave Act. Plaintiff had valid intermittent FMLA permissions at that time.

37. Plaintiff engaged in a protected activity under the FMLA when she used intermittent leave from 2021 through 2023; Plaintiff was formally approved to use FMLA as of April 13, 2023; Plaintiff was adversely affected by the employment decision to terminate her; the protected activity of FMLA use in 2023 and the adverse employment actions of termination on May 1, 2023, were causally connected.

38. As a result of Defendant's negligent or willful violations of FMLA, Plaintiff suffered lost wages, salary, benefits, or other monetary losses.

39. Because of Defendant's acts or omissions, Plaintiff has been required to incur attorneys' fees and costs in bringing this action and request that the Court grant said fees and costs.

## SECOND CLAIM FOR RELIEF

### (Americans with Disabilities Act 42 U.S.C. § 12101 et seq.)

40. Plaintiff hereby repeats and alleges all previous paragraphs as though fully set forth herein.

41. The above discriminatory pattern and practice by defendant, its agents and employees violate the *Americans with Disabilities Act of 1990* as protected by 42 U.S.C. § 12101, et seq., and as amended by the ADA Amendments Act of 2008 ("ADAAA").

42. Plaintiff's breast cancer impaired her ability to work, although she could complete her tasks with accommodations, *inter alia*, leave for treatment, and that her manager(s) in 2023 did not consider her properly documented leave time under FMLA.

43. Plaintiff was terminated in a discriminatory practice in violation the Americans with Disabilities Act of 1990 as protected by 42 U.S.C. § 12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA").

44. ARIA did not make reasonable accommodations to the known physical limitations of Plaintiff, and terminated her because of her disability.

45. As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

46. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs.

## THIRD CLAIM FOR RELIEF

### (Discrimination and Retaliation under NRS 613.330)

47. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

48. The actions of defendant, its agents and employees, violated the Nevada Revised Statutes 613.330.

49. As a direct and proximate result of said acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

50. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

## FOURTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)

51. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

52. The actions of Defendants, their agents and employees constitute negligent infliction of emotional distress upon Plaintiff.

53. Defendants' actions of knowing of Plaintiff's breast cancer diagnosis and treatment, allowing her to take leave, granting her FMLA permissions, but then terminating her two weeks later for alleged attendance violations months beforehand shock the conscience as extreme and outrageous conduct.

54. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer serious emotional distress and a worsening of her overall mental and physical condition in the time that followed her termination. She further suffered loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

55. Because of Defendant's acts or omissions, Plaintiff has been required to incur attorneys' fees and costs in bringing this action and request that the Court grant said fees and costs.

## FIFTH CLAIM FOR RELIEF

### (Negligent Hiring, Retention or Supervision)

56. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

57. Defendant ARIA had a duty to properly supervise its employees.

58. The managing members of Defendants had the duty of assuring proper conduct by the employees under their direction and supervision.

59. Defendant breached their duty to supervise when the supervisors failed to take corrective action and proper arrangements for HERNANDEZ, and by approving HERNANDEZ for leave and FMLA permissions but then immediately terminating her for attendance allegedly occurring three months prior.

60. As a direct and proximate result of Defendants' negligent supervision, Plaintiff has suffered, and will continue to suffer, emotional distress and psychological trauma impairing her daily life, all to her damage.

61. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

…

**JURY DEMAND**

Within Fed. R. Civ. P., Rule 59, the Seventh Amendment to the Constitution of the United States, as well as Article 1, Section 3 of the Constitution of the State of Nevada, or as otherwise may be provided, Plaintiffs hereby demand a jury trial for each of their claims.

…

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to judgment in their favor and against Defendants, jointly and severally, as follows:

1. For an award of past and future damages, including damages for past and future lost wages and benefits, anxiety, emotional distress, and suffering;

2. For all costs and all attorneys' fees incurred and accrued in these proceedings under 42 U.S.C. § 12205;

3. For interest thereon at the legal rate until paid in full;

4. For punitive and compensatory damages in an amount to be determined by this court; and

5.  For such other and further relief as the Court may deem just and proper.

Dated this 13th of April, 2024.

          RYAN ALEXANDER, CHTD.

          _____
          RYAN ALEXANDER
          Nevada Bar No. 10845
          *Attorney for Plaintiff*