RYAN ALEXANDER
Nevada Bar No. 10845
RICHARD ENGLEMANN
Nevada Bar No. 6965
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| YARITZA HERNANDEZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ARIA RESORT & CASINO, LLC, a Nevada Limited Liability Company, MGM RESORTS INTERNATIONAL, a Delaware Corporation; and DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive;<br>Defendants. | Case No.: 2:24-cv-725-GMN-BNW<br>Hon. Gloria M. Navarro<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

COMES NOW Plaintiff YARITZA HERNANDEZ ("HERNANDEZ," "Plaintiff"), by and through her attorneys of record, Ryan Alexander and Richard Englemann of RYAN ALEXANDER, CHTD., and submits her Opposition to Defendants' Motion To Dismiss Plaintiff's First Amended Complaint. The pleadings within Plaintiff's Amended Complaint ("Complaint," "FAC"), constitute valid facts with sufficient specificity that will allow the Court to draw a reasonable inference that Defendants are liable for the various causes of action within the Complaint. For the reasons set forth below, Plaintiff respectfully requests an order denying Defendant's motion to dismiss as to ARIA RESORT & CASINO, LLC ("ARIA").

### I.  PLAINTIFF AGREES TO DISMISS MGM RESORTS INTERNATIONAL

As a preliminary matter, Plaintiff accepts Defendant MGM RESORTS INTERNATIONAL's representations as to their entity status and that ARIA is the correct employer entity, and agrees to dismiss MGM RESORTS INTERNATIONAL from the case.

1

## II. INTRODUCTION

This is a shameful situation where an employee with breast cancer was allowed by her supervisors to leave work intermittently for breast cancer treatment even though her employer ARIA refused to grant her formal FMLA leave. Despite the acquiescence of her supervisors to permit her occasional cancer treatment, ARIA suspended Plaintiff for attendance, then approved her formal FMLA in writing, but then immediately terminated her for attendance before Hernandez could even return to work and use the formal FMLA.

It would be a perversion of incentives and the application of disability and health discrimination laws if ARIA could simultaneously allow HERNANDEZ to leave work for cancer care, then *post hoc* deny permission to leave the workplace for it, deny and then approve FMLA to take leave for cancer care, but then terminate without consequence because prior to the FMLA formal approval someone in Human Resources disagreed with leaving the job for cancer care… despite the acquiescence (and sympathy) of her direct manager(s).

## III. LEGAL STANDARD

The allegations as to ARIA are sufficiently pleaded. "[A] complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint need only provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conely v. Gibson*, 355 U.S. 41, 47 (1957), abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To wit, factual allegations need only "be enough to raise a right to relief above the speculative level." *Twombly*, 55 U.S. at 555. In applying this standard, courts must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir 1998). Indeed, the complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 1995); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). It is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task

that requires the reviewing court to draw on its judicial experience and common senses." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-664 (2009). Defendants' application of Rule 12(b)(6) would have HERNANDEZ prove her entire case within its pleading. Yet, the issue on a motion to dismiss for failure to state a claim "is not whether the [claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)(*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). HERNANDEZ' claims for relief are supported by stable factual allegations that raise the claims from merely speculative to plausible.

## IV. PLAINTIFF HAS SUFFICIENTLY PLED HER CLAIMS UNDER FMLA

HERNANDEZ pled that she applied for and was approved for FMLA leave for her breast cancer but was still terminated for 'attendance' when she was getting breast cancer treatment. FAC ¶25-32. ARIA had rejected her FMLA requests at least twice prior. FAC ¶21. As a function of logic, this is plain that Plaintiff was eligible for FMLA, that ARIA is subject to FMLA and that she intended to use it. Further relevant pleadings included:

> 36. On May 1, 2023, defendant ARIA terminated Plaintiff for taking leave for cancer treatment and associated side effects and refused FMLA privileges in willful violation of Plaintiff's rights under the Family Medical Leave Act. Plaintiff had valid intermittent FMLA permissions at that time.
>
> 37. Plaintiff engaged in a protected activity under the FMLA when she used intermittent leave from 2021 through 2023; Plaintiff was formally approved to use FMLA as of April 13, 2023; Plaintiff was adversely affected by the employment decision to terminate her; the protected activity of FMLA use in 2023 and the adverse employment actions of termination on May 1, 2023, were causally connected.
>
> 38. As a result of Defendant's negligent or willful violations of FMLA, Plaintiff suffered lost wages, salary, benefits, or other monetary losses.

FAC ¶36-28. When read with the facts of the general allegations, these satisfy the pleading requirements. The insidious part about this case is that HERNANDEZ was terminated for 'attendance'

3

for her breast cancer treatment immediately after her formal FMLA approval and before the "Suspension Pending Investigation" due to her attendance was withdrawn. Defendants' reference to *Hayes v. Deluxe Mfg. Operations LLC, 2018 U.S. Dist. LEXIS 67373 (2018)* is not applicable because HERNANDEZ was actually qualified to receive FMLA at the time that she was suspended and then terminated.

## V. PLAINTIFF HAS SUFFICIENTLY PLED HER CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101 ET SEQ.

Plaintiff pled that she had a disability in all of the pleadings, *inter alia*: breast cancer. "Plaintiff was terminated due to her cancer disability and in retaliation for engaging in protected activity by using FMLA leave." FAC ¶32. Plaintiff pled, *inter alia*, that

> 41. The above discriminatory pattern and practice by defendant, its agents and employees violate the Americans with Disabilities Act of 1990 as protected by 42 U.S.C. § 12101, et seq., and as amended by the ADA Amendments Act of 2008 ("ADAAA").
>
> 42. Plaintiff's breast cancer impaired her ability to work, although she could complete her tasks with accommodations, inter alia, leave for treatment, and that her manager(s) in 2023 did not consider her properly documented leave time under FMLA.
>
> 43. Plaintiff was terminated in a discriminatory practice in violation the Americans with Disabilities Act of 1990 as protected by 42 U.S.C. § 12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA").
>
> 44. ARIA did not make reasonable accommodations to the known physical limitations of Plaintiff, and terminated her because of her disability.

FAC ¶41-44. Defendants' reference to *Hayes v. Deluxe Mfg. Operations LLC, 2018 U.S. Dist. LEXIS 67373 (2018)* is not applicable because HERNANDEZ was actually qualified to receive FMLA at the time that she was suspended and then terminated. These led to her termination without accommodation. Under the ADAAA, HERNANDEZ' breast cancer and other conditions qualify as disabled. At the very least, it is an issue of fact whether such conditions would qualify. This cause of action is sufficiently pled, and Defendants' motion must be denied.

4

## VI. PLAINTIFF'S CLAIM FOR DISCRIMINATION AND RETALIATION UNDER NRS 613.330 IS SUFFICIENTLY PLED

Plaintiff's allegations, which incorporate all prior paragraphs and her disabling condition of breast cancer, refer to the Nevada state law preventing discrimination or retaliation for disability. Defendants again make fact-based evidentiary arguments about the nature and extent of Plaintiff's disability. This is not appropriate for a Rule 12(b)(6) motion. The insidious and cruel part of this case is that initially ARIA's managers granted HERNANDEZ accommodations to go get cancer treatment even though ARIA Human Resources Management initially denied formal FMLA, but then **ARIA terminated HERNANDEZ *because* she used those accommodations that their managers had initially approved**. Under post-ADAAA interpretations, Plaintiff's breast cancer is sufficiently disabled for purposes of the ADA. This cause of action is sufficiently pled and Defendants' motion must be denied.

As for the retaliation claim, it is mere typographical error if "et seq." was not included to NRS 613.330 as it may be under 613.340. That can be remedied with an amendment or stipulation. Again, the fact pattern is not in dispute that HERNANDEZ asked for FMLA for breast cancer and was denied. Her managers allowed her to take intermittent leave for a time for breast cancer treatment, but then somewhere, somehow, for some reason, ARIA human resources zeroed in on HERNANDEZ and suspended her, approved her for FMLA but then turned around and terminated her for 'attendance' of her breast cancer treatment… this is clearly and obviously retaliation for use of disability benefits and the application for FMLA.

## VII. PLAINTIFF HAS SUFFICIENTLY PLED A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

This very Court has held that Negligent Infliction of Emotional Distress claims are not excluded by statutory disability claims, and that Nevada recognizes such claims in the employment context. *Hernandez vs. Hakkasan Limited*, et. al., 2:14-cv-1222-GMN-GWF (D. Nev. March 23, 2015), *see Shoen v. Amerco. Inc*., 896 P.2d 469, 476-77 (Nev. 1995) (per curiam). Again, Plaintiff's claims incorporated all prior pleadings and those must be accepted as true. Plaintiff has pled enough to put the

Defendants on notice of the basis for her claims. None of the citations are directly applicable as HERNANDEZ' claims are not for negligence, 'public policy discharge', the negligent hiring is not related to race or gender discrimination. This case is distinguishable from Russo because these facts led to HERNANDEZ' actual, not constructive, discharge, and the NIIA precludes benefits for stress-related benefits arising directly from termination. *Russo v. Clearwire United States, LLC*, 2013 U.S. Dist. LEXIS 61440, Case 2:12-cv-01831-PMP-VCF. The NIIA is inapplicable to HERNANDEZ' claims as it specifically provides that injuries or diseases caused by stress are only deemed to arise out of and in the course of employment if, "... the stress was not caused by his or her layoff, the termination of his or her employment or any disciplinary action taken against him or her." Nev. Rev. Stat. Ann. § 616C.180(3)(c). For now, the pleadings claim distress and physical conditions, are sufficient and Defendants' motion as to the fourth claim for relief must be denied.

## VIII. PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING, RETENTION OR SUPERVISION IS SUFFICIENTLY PLED

This very Court has held that Negligent Hiring, Retention or Supervision claims are not excluded by statutory disability claims, and that Nevada recognizes such claims in the employment context. *Hernandez vs. Hakkasan Limited*, et. al., 2:14-cv-1222-GMN-GWF (D. Nev. March 23, 2015). Again, Plaintiff's claims incorporated all prior pleadings and those must be accepted as true. Plaintiff has pled enough to put the Defendants on notice of the basis for her claims. The pleadings of fact and the cause of action have to be read together for meaning. Defendants again make fact-based evidentiary arguments about the knowledge of the Defendants and the fitness of their supervisors. Defendants argue what Plaintiff can and cannot prove at trial with broad assumptions and statements that mean nothing in a Rule 12(b)(6) motion. The conduct of the managers of ARIA against HERNANDEZ was extreme and outrageous. The FAC does say the Defendants' actions were "intentional, willful, wanton, malicious, and outrageous." FAC ¶34. But after asserting the general facts, is not necessary to recite in every instance that the conduct was "extreme" or "outrageous" or required "reasonable care" [negligence damages standard, not a pleading standard]. Defendants confuse jury instructions, law and pleading standards, and argue as if specific words must be recited in every condition as if general

pleading were an incantation or a sacred rite. Hernandez outlined what the Defendants and their employees did, explained their duty and their breach and said that it caused her injury. When read with the entire pleading, "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common senses." *Iqbal*, supra, at 663-664.

### IX. PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES IS SUFFICIENTLY PLED

Punitive damages are allowable under the ADA and Plaintiff's state law claims. FAC ¶34 satisfies NRS 42.007(c): "The aforementioned acts and conduct by Defendant, its agents and employees were intentional, willful, wanton, malicious, and outrageous." Defendants seem to misrepresent NRS 42.007 that all three possible bases for punitive damages must apply, when they are connected by "or," not "and." Further, the situation here is sufficiently willful, egregious and showing reckless indifference to HERNANDEZ' rights that a jury may award punitive damages. *Ngo v. Reno Hilton Resort Corp.*, 140 F.3d 1299, 1304 (9th Cir. 1998). As noted, this is a Plaintiff employee with cancer who was allowed by her supervisors to leave work to attend treatment, despite ARIA first denying her FMLA, then she was suspended, granted FMLA and subsequently terminated for attending her own cancer treatment that had previously been acquiesced by her managers.

### X. LEAVE TO AMEND SHOULD BE GRANTED IF NECESSARY

If the Court is inclined to grant the Defendants' motion to dismiss as to any claim for relief, Plaintiff requests leave to further amend her Complaint with more explicit details (or in the instance of the incomplete citation to NRS 613.330 instead of "613.330 et seq." or 613.340). If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). Leave to amend under Fed.R.Civ.P. 15(a) "shall be freely given when justice so requires," and there is a strong policy in favor of permitting amendment. *Puckett v. Park Place Ent. Corp.*, 3322 F. Supp.2d 1349, (D. Nev. 2004) citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999).

Rule 15(a) is to be applied with extreme liberality. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1482 (9th Cir.1997).

Dated this 17th of June, 2024.

RYAN ALEXANDER, CHTD.

_____
RYAN ALEXANDER
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that pursuant to Fed. R. Civ. P. 5, I served via electronic service via CM/ECF a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFNDANTS' MOTION TO DISMISS addressed to:

☒     CM/ECF – Electronic service.

Scott Pettitt     spettitt@mgmresorts.com, dhowell@mgmresorts.com, laborandemployment@mgmresorts.com, mgm.spettitt@gmail.com, tgoddard@mgmresorts.com

☐     MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐     PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct.

Executed on 17th of June, 2024 in Las Vegas, Nevada.

                                          */s/Ryan Alexander*

                                          RYAN ALEXANDER
                                          *Attorney for Plaintiff*