Dana L. Howell, NV Bar # 11607
Scott R. Pettitt, NV Bar # 11682
**MGM RESORTS INTERNATIONAL**
6385 S. Rainbow Blvd., Suite 500
Las Vegas, NV 89118
Telephone: (702) 692- 1937
Fax No.: (702) 669-4501
Emails: dhowell@mgmresorts.com
         spettitt@mgmresorts.com
*Attorneys for Defendants Aria Resort & Casino, LLC*
*and MGM Resorts International*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| YARITZA HERNANDEZ,<br><br>             Plaintiff,<br><br>vs.<br><br>ARIA RESORT & CASINO, LLC, a Nevada Limited Liability Company, MGM RESORTS INTERNATIONAL, a Delaware Corporation; and DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive.<br><br>             Defendants. | CASE NO.: 2:24-cv-00725-GMN-BNW<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants ARIA RESORT & CASINO, LLC ("Aria") and MGM RESORTS INTERNATIONAL ("MGMRI") (collectively, "Defendants") hereby submit this reply brief in support of their motion ("Motion") to dismiss the First Amended Complaint ("FAC") of Plaintiff Yaritza Hernandez ("Plaintiff") pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure. This Reply is based on the attached Memorandum of Points and Authorities.

DATED: June 24, 2024           **MGM RESORTS INTERNATIONAL**

                               */s/ Scott R. Pettitt*
                               _____
                               Dana L. Howell, NV Bar # 11607
                               Scott R. Pettitt, NV Bar # 11682
                               *Attorneys for Defendants Aria Resort & Casino,*
                               *LLC and MGM Resorts International*

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION

Plaintiff Opposition to the Motion concedes that MGMRI is not a correct party and consents to its dismissal. Additionally, Plaintiff's Opposition demonstrates the lack of viability of any of the five claims asserted in her First Amended Complaint ("FAC"). Plaintiff's termination from employment resulted from attendance policy violations that predate her approval for FMLA. The FAC does not even allege that she was eligible for FMLA at the time of her attendance violations. Indeed, the FAC alleges that she was eventually granted FMLA leave but was terminated for attendance violations that occurred "months beforehand." (ECF 6 at ¶53). Thus, Plaintiff has not alleged facts to support an FMLA violation. To the extent she alleges retaliation for using FMLA, such allegations are pure conjecture.

The remainder of Plaintiff's claims similarly fail to state a claim upon which relief may be granted. Plaintiff fails to substantively respond to <u>any</u> argument raised by the Defendant regarding her ADA claims. Since Defendant's arguments in favor of dismissing the ADA claims stand completely unrefuted, the ADA claims should be dismissed. Similarly, for her claim of statutory state law employment violations, she ignores Defendant's arguments that she has not alleged conduct that constitutes a protected activity and inserts new factual allegations not contained in the FAC. Moreover, the new factual allegation undercuts her claim that she was denied accommodations for her disability.

Plaintiff's remaining claims all fail due to the FAC's lack of factual allegations to support them and because her tort claims are preempted by statute. Accordingly, Defendants request that this action be dismissed in its entirety.

II.   ARGUMENT

    A.   MGMRI MUST BE DISMISSED

Plaintiff Opposition provides that she "agrees to dismiss MGM RESORTS INTERNATIONAL." As such, Defendant MGM RESORTS INTERNATIONAL should be dismissed with prejudice.

2

### B. PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF FAMILY MEDICAL LEAVE ACT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's opposition contends that it was insidious for Defendant to terminate her employment for attendance violations that *predate* her approval for FMLA leave. Plaintiff apparently reasons that because Plaintiff had twice requested and been denied FMLA leave, Defendant should have understood "as a function of logic" that Plaintiff intended to use FMLA leave at the time of her attendance violations. (ECF 20 at p. 3:13-15). But the intent to use FMLA leave does not make one eligible for FMLA. Neither logic nor (more importantly) the allegations set forth in the FAC demonstrate that Plaintiff was eligible for FMLA leave at the time of her attendance violations.

Moreover, Plaintiff does not allege that she requested or that Defendant agreed to make her FMLA leave retroactive. It is true that in some cases FMLA leave may be applied retroactively. "In all cases <u>where leave would qualify for FMLA protections</u>, an employer and an employee <u>can mutually agree</u> that leave be retroactively designated as FMLA leave." 29 CFR 825.301, emphasis added. Retroactive application of FMLA leave must be requested and mutually agreed to. Plaintiff's FAC makes no allegations that her attendance violations "would qualify for FMLA protections" or that retroactive FMLA leave was "mutually agreed upon" by the parties. Thus, Plaintiff cannot show that she was denied FMLA benefits *to which she was entitled*. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

Regarding the allegation that Plaintiff was terminated because she used FMLA leave, Plaintiff's opposition identifies no facts in the FAC which, if true, would establish this assertion. Plaintiff simply concludes that "the protected activity of FMLA use in 2023 and the adverse employment actions of termination on May 1, 2023, were causally connected." (ECF 6 at ¶37). Absent additional factual allegations, this conclusory allegation need not be accepted as true and does not demonstrate a right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

3

Plaintiff's only argument in opposition to the motion to dismiss her claim for FMLA retaliation is that *Hayes v. Deluxe Mfg. Operations LLC*, does not apply because "HERNANDEZ was actually qualified to receive FMLA at the time that she was suspended and then terminated." (ECF 20 at p. 4:2-5). *Hayes* stands for the proposition that "if an employee fails to show that [s]he was eligible under [the FMLA], then [s]he cannot show, as a matter of law, that [s]he was engaged in protected activity. An employer cannot be liable for retaliation under [the FMLA] where the employer terminates an employee who is not entitled to [FMLA] benefits." *Hayes v. Deluxe Mfg. Operations LLC*, 2018 U.S. Dist. LEXIS 67373 (2018), citing *Beck v. Augusta*, No. CV 112-188, 2015 U.S. Dist. LEXIS 25718, 2015 WL 900306, at *8 (S.D. Ga. Mar. 3, 2015) (citations omitted). *Hayes* is exactly on point. Despite the argument in her Opposition, Plaintiff does not allege in the FAC that she was eligible for FMLA leave at the time of her alleged protected activity.

Moreover, Plaintiff's factual allegations and conclusions are internally inconsistent, and "[t]he Court need not accept contradictory allegations as true." *Desio v. Russell Rd. Food & Bev., LLC*, 2016 U.S. Dist. LEXIS 123077, *13-14 (2016), citing, *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint."); *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations."). The FAC concludes that Plaintiff "engaged in a protected activity under the FMLA when she used intermittent leave from 2021 through 2023." (ECF 6 at ¶37). But this is merely a legal conclusion that is belied by her more specific allegation that she began her employment on October 12, 2021. (ECF 6 at ¶16). Because an employee cannot be eligible for FMLA leave during the first 12 months of employment, it cannot be true that she engaged in FMLA "protected activity from 2021 to 2023." *See*, 29 USCS § 2611. At the earliest, she could have become eligible for FMLA leave on October 12, 2022, assuming she met the other qualifications for eligibility. Thus, Plaintiff's legal conclusion that she engaged in a protected activity from 2021 through 2023 is demonstrably false. The court should not accept

4

her legal conclusion as true. Since Plaintiff has not alleged that she met the eligibility criteria at the time of her alleged protected activity, she has not alleged sufficient facts to establish beyond a speculative level an entitlement to relief.

### C. PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION FOR DISCRIMINATION UNDER THE ADA AND NRS § 613.330 FAIL TO STATE A CLAIM

#### 1. Plaintiff Fails to Substantively Oppose any Argument in the Motion Regarding the Claim for ADA violation.

Plaintiff fails to respond to any argument actually set forth in the Motion regarding her failure to allege sufficient facts to state a claim for discrimination under the Americans with Disabilities Act (ADA). Her opposition merely alleges that she sufficiently alleged that she is disabled. But the lack of a qualifying disability was not part of Defendants' Motion. For purposes of the Motion, Defendants did not challenge the existence of a qualifying disability. Thus, Plaintiff's opposition is entirely nonresponsive to Defendants' arguments regarding the ADA violations claim. The fact remains that the FAC fails to allege even a single occurrence of Plaintiff being denied an accommodation for her disability. Quite to the contrary, her sole allegation relating to a request for accommodations is an admission that "her ARIA managers **accommodated** HERNANDEZ' leave and attendance requests for cancer treatment and for cancer-related pain." (FAC ¶ 22, emphasis added). Further, Plaintiff has cited no facts to demonstrate that she was terminated "because of her disability." She merely concludes, without any supporting factual allegations, that she was terminated "because of her disability." (FAC ¶ 44).

Given that Plaintiff has failed to oppose any of Defendant's arguments regarding the claim for violation of the ADA, Plaintiff's Second Claim for Relief should be dismissed.

#### 2. Plaintiff Fails to State a Claim for Violation of NRS 613.330.

Plaintiff attempts to salvage her claim for Violation of NRS 613.330 by inserting a new factual allegation within her Opposition that is found nowhere in the FAC. She now alleges for the first time that "ARIA's managers granted HERNANDEZ accommodations to go get cancer treatment… but then **ARIA terminated HERNANDEZ *because* she used those accommodations that their managers had initially approved**." (ECF 20 at p. 5:8-11, emphasis

5

in original). This new allegation is problematic for multiple reasons. First, a Court may not consider new factual allegations raised in Plaintiff's Opposition to a motion to dismiss under Rule 12(b)(6). *See, Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (new allegations contained in opposition to motion to dismiss are irrelevant for Rule 12(b)(6) purposes); *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, 780 F. Supp. 2d 1061, 1075 n.10 (D. Haw. 2011) ("[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") Second, the new allegation undercuts her own theory of failure to accommodate by conceding that she was accommodated. Third, even this new fact allegation (which is just a legal conclusion) does nothing to bolster her claim that she was terminated "because of her disability." It still consists of nothing more than rank speculation regarding the reason for her termination. Thus, Plaintiff has not identified any factual allegation in the FAC to support her theory that Defendant failed to provide an accommodation or terminated her employment because of her disability.

Moreover, with regard to Plaintiff's claim for retaliation under NRS 613.330 (or NRS 613.340), Plaintiff does not even attempt to refute Defendant's argument that Plaintiff fails to allege any facts that constitute a protected activity. Defendant's argument stands entirely unrefuted and Plaintiff has cited no points or authorities in opposition thereto. Accordingly, Plaintiff's claim for retaliation should be dismissed.

    **D.    PLAINTIFF'S FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND FIFTH CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION, AND SUPERVISION ARE PREEMPTED BY STATE AND FEDERAL STATUTES**

    **1. Plaintiff's Common Law Tort Claims are Preempted by Employment Statutes.**

"N.R.S. § 613.330 et seq. provides the exclusive remedy for tort claims premised on illegal employment practices. The Nevada Supreme Court as well as the District Court for the District of Nevada have held that tort claims premised on discrimination in employment are remedied under the statute." *Brinkman v. Harrah's Operating Co., Inc.*, 2008 U.S. Dist. LEXIS 123992, *4-5; citing *Sands Regent v. Valgardson*, 105 Nev. 436, 439-40, 777 P.2d 898 (Nev. 1989); *Western*

6

*State Minerals Corp. v. Jones*, 107 Nev. 704 n.10, 819 P.2d 206 (Nev. 1991); *Powell v. Las Vegas Hilton Corp.*, 841 F. Supp. 1024, 1031 (D. Nev. 1992).

In opposition to this clear case law, Plaintiff cites a single order from this Court which does not stand for the proposition for which it is cited. Specifically, Plaintiff argues that this Court has held in *Hernandez* [SIC] *vs. Hakkasan Limited, et. al.*, 2:14-cv-1222-GMN-GWF (D. Nev. March 23, 2015)[1] that "Negligent Infliction of Emotional Distress claims" and "Negligent Hiring, Retention or Supervision claims are not excluded by statutory disability claims." (ECF 20 at pp. 5:24-25, 6:15-16). With regard to Negligent Infliction of Emotional Distress, the Order in *Hakkasan* focuses entirely on the argument that the plaintiff in that case failed to allege a physical manifestation of emotional distress. *Id*. The Court agreed that the plaintiff had not adequately alleged a physical manifestation and dismissed the claim on that ground. *Id*. The Court did not discuss, much less reach a holding, on the issue of preemption of NIED claims based upon statutory disability claims.

In the context of negligent hiring, retention or supervision the defendant in *Hakkasan* argued for dismissal on grounds that (1) the plaintiff did not assert that she sustained physical injuries as a result of her termination, and (2) Nevada does not recognize claims for negligent hiring, retention or supervision in the contest of employment discrimination. Unlike in the instant case, the Court found that the defendant in *Hakkasan* failed to cite any authority in support of its arguments. Defendant in the instant case has presented compelling authority. In light of the lack of authority cited by the defendant in *Hakkasan* this Court focused on the issue of whether a plaintiff must allege that she sustained physical injuries in order to adequately allege a claim. The Court adopted the reasoning of several other courts from the District of Nevada[2] holding that a claim for negligent hiring, retention or supervision does not require an allegation of physical injury. And while this Court did conclude that a claim for negligent hiring, retention, or

---

[1] The case is actually styled: *McKenna vs. Hakkasan Limited, et. al.*

[2] *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 n.4 (D. Nev. 2013); *Thoan v. Victoria Partners*, No. 2:09-CV-0073-JCM-GWF, 2010 WL 2570714, at *1 (D. Nev. June 24, 2010); *Lambey v. Nevada ex rel. Dep't of Health & Human Servs.*, No. 2:07-CV-1268-RLH-PAL, 2008 WL 2704191, at *4 (D. Nev. July 3, 2008).

7

supervision may arise in the employment discrimination context, none of the cases cited discussed the issue of whether tort claims are preempted by statute in the context of employment discrimination. The analysis was related to the physical injury requirement. Therefore, the weight of precedent on the issue at bar in the instant matter weighs strongly in favor of dismissal of Plaintiff's tort claims based on preemption by and adequate remedy under the statutory framework.

### 2. Plaintiff Fails to Adequately Allege a Claim for Negligent Hiring, Retention or Supervision.

Even if a claim for negligent hiring, retention or supervision was not preempted by employment statutes, dismissal would still be required because Plaintiff has failed to adequately allege facts to sustain this claim. Plaintiff's opposition simply argues in broad terms that the conduct of the managers of ARIA against HERNANDEZ was extreme and outrageous. Plaintiff does not, however, identify any facts in the FAC which would if true demonstrate that such allegedly outrageous conduct was the product of a failure to hire, retain or supervise its employees. She does not allege, for example, that Defendants failed to properly screen employees it hired, that it failed to ensure that employees were suitable for their positions, or that it knew or should have known about an employee's dangerous propensities such that the employees were not a sufficient fit for their positions. Thus, Plaintiff's allegation that Defendant breached a duty in hiring, training or supervising its employees, amounts to nothing more that a legal conclusion without factual support.

### 3. Plaintiff's Common Law Claims for Emotional Injury are Preempted by the NIIA.

Plaintiff argues that the Nevada Industrial Insurance Act ("NIIA") is inapplicable here because her emotional injuries arose out of her termination of employment. This, however, is inconsistent with the allegations in the FAC. Like in *Russo v. Clearwire United States, LLC*, 2013 U.S. Dist. LEXIS 61440, *24 (2013), Plaintiff alleges that her emotional injuries arise out of a course of conduct that occurred throughout her employment. Specifically, Plaintiff incorporates and re-alleges all the foregoing paragraphs of the complaint into her claim for

8

Negligent Infliction of Emotional Distress (NIED) and alleges that the multiple "actions of Defendants… constitute negligent infliction of emotional distress." (ECF 6 at ¶51-52). Just like in *Russo* where the plaintiff incorporated all allegations into his claim for NIED and alleged that "Defendants' acts" were the cause of his injuries, Plaintiff alleges that her injuries arose out of Defendants' multiple acts. *Russo*, 2013 U.S. Dist. LEXIS 61440, *24. *Russo* may be distinguishable on the single point the plaintiff alleged constructive discharge rather than termination of employment, but *Russo* remains instructive for the instant matter. Plaintiff does not limit her allegations to her termination of employment. For example, the acts alleged in the FAC include twice denying her requests for FMLA leave and the alleged failure to provide disability accommodations while she was employed. Thus, Plaintiff's claim for NIED as alleged in the FAC is precluded under the NIIA because it arises from a course of conduct that occurred during the course and scope of her employment.

### E. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED.

Plaintiff's opposition fails to identify any allegation in the FAC which demonstrates oppression, fraud or malice under NRS 42.005. Indeed, she doesn't even try. Instead, she simply concludes that because she has alleged Defendants' conduct to be "intentional, willful, wanton, malicious, and outrageous," she has satisfied the pleading standard. (ECF 20 at p. 7:8-10). Plaintiff's conclusory allegations should not be accepted as true and are not facts which support a finding of punitive damages.

Under the ADA punitive damages standard Plaintiff has not alleged facts that demonstrate "conduct more egregious than intentional discrimination[.]" *Ngo v. Reno Hilton Resort Corp.*, 140 F.3d 1299, 1304 (9th Cir. 1998). Plaintiff attempts again to insert a new factual allegation not found in the FAC, to wit, that Plaintiff was terminated for taking time off that had been approved by her managers. (ECF 20 at 7:16-17). Such allegation is not contained in the FAC and seems to be added now only to make Defendant's conduct seem more severe than the conduct alleged in the

9

FAC. Plaintiff's FAC does not even allege sufficient allegations to state a claim for discrimination under the ADA (as evidenced by Plaintiff's complete lack of any substantive opposition to the Motion on this point), much less demonstrate conduct that is more egregious than intentional discrimination under the ADA. Thus, Plaintiff's claim for punitive damages should be dismissed.

### F.  PLAINTIFF'S MOTION FOR LEAVE TO AMEND MUST BE DENIED

Plaintiff's motion for leave to amend is procedurally improper and insufficient under LR 15-1(a), which provides in relevant part that "[u]nless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." Plaintiff's motion for leave to amend fails to attach a proposed amended pleading. Moreover, Plaintiff fails to specifically identify in what ways she seeks to amend her FAC. Thus, while leave to amend should be given when justice so requires, she has not demonstrated why justice would require an amendment in this instance. If the Court is inclined to allow Plaintiff an opportunity to amend, she should be required to file a motion to amend and attach her proposed amended complaint. Presently, the motion to amend should be denied.

### IV. CONCLUSION

For the reasons set forth above, Defendants respectfully requests that Plaintiff's FAC be dismissed with prejudice in its entirety.

DATED: June 24, 2024                                    Respectfully submitted,

                                                        **MGM RESORTS INTERNATIONAL**

                                                        */s/ Scott R. Pettitt*
                                                        _____
                                                        Dana L. Howell, NV Bar # 11607
                                                        Scott R. Pettitt, NV Bar # 11682
                                                        *Attorneys for Defendants Aria Resort &*
                                                        *Casino, LLC and MGM Resorts International*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 24, 2024, I electronically filed a copy of the foregoing **REPLY IN SUPPORT OF DEFENANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which sent a notification of such filing (NEF) to the registered participants as identified on the NEF, to the persons and addresses listed below:

RYAN ALEXANDER
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102

*Attorney for Plaintiff*

**MGM RESORTS INTERNATIONAL**

*/s/ Yvette Jauregui*
Yvette Jauregui
*Employee of MGM Resorts International*