**YARITZA HERNANDEZ**
4800 E. CHARLESTON BLVD APT2
LAS VEGAS, NV 89104
TEL: 725-298-2240
EMAIL:KINCAIDYARI@GMAIL.COM
SELF-REPRESENTED-PRO SE



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Case No.: 2:24-cv-00725-GMN-BNW

### 5TH AMENDED COMPLAINT

PLAINTIFF: **YARITZA HERNANDEZ,** an Individual (Representing Herself, Pro Se)

DEFENDANTS: **ARIA RESORT & CASINO, LLC**, a Nevada Limited Liability Company, a Delaware Corporation, and DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive.

### CLAIMS FOR RELIEF:

1. Violation of the Family Medical Leave Act (FMLA)

2. Discrimination and Retaliation - 42 U.S.C. §12101, et seq.

3. Discrimination - NRS 613.330

4. Negligent Infliction of Emotional Distress

5. Negligent Hiring, Retention, or Supervision

JURY DEMAND

INTRODUCTION

1. Plaintiff YARITZA HERNANDEZ submits this First Amended Complaint and represents herself, pro se, in this legal action against ARIA RESORT & CASINO, LLC.

2. Plaintiff brings this action to seek justice and relief for wrongful termination, retaliation, disability discrimination, and fraudulent alteration of employment records, all in violation of federal and state law.

## GENERAL ALLEGATIONS

3. Plaintiff incorporates and realleges all prior paragraphs as though fully set forth herein.

4. Defendant ARIA RESORT & CASINO, LLC acted in accordance with a direct order from their Chief Executive Officer, Bill Hornbuckle, regarding Plaintiff's termination.

5. Plaintiff is informed and believes that her managers at ARIA Resorts, across all shifts, collectively requested a meeting with CEO Bill Hornbuckle to advocate on her behalf. These managers argued that Plaintiff should not be terminated because it was not her fault that she was sick, and terminating her was unfair and unjust. However, CEO Bill Hornbuckle denied their request and refused to allow Plaintiff to remain employed.

6. Plaintiff is further informed and believes that CEO Bill Hornbuckle personally ordered Plaintiff's immediate removal from the premises and instructed security personnel to escort her out of the casino. However, security officers refused to comply, recognizing that such an action would be humiliating and unjustified, as Plaintiff had committed no wrongdoing. It was customary for employees to be escorted out by security only in cases of theft, physical altercations, or serious policy violations—not for having a medical condition.

7. Several MGM managers advised Plaintiff to seek legal representation, acknowledging that her termination was irrational, discriminatory, and unlawful.

8. Plaintiff is informed and believes that after her termination, ARIA Resorts International unlawfully accessed and manipulated her employment records to create a false justification for her firing.

9. Plaintiff was contacted by one of her managers, who informed her that the company had hacked into her employee profile and manually added "points" to make it appear as though she had exceeded attendance limits, when in fact, her FMLA approval should have automatically removed these points.

10. Plaintiff was further informed that under the FMLA and ADA, once an employee is approved for medical leave, all related attendance points should automatically drop from the system. The system is computer-controlled and cannot be manually altered unless done so through unauthorized access.

11. Plaintiff has obtained documented proof demonstrating that:

- She did not have excessive points at the time of her termination.

- She was formally approved for FMLA leave and was granted ADA accommodations.

- Her employment records were fraudulently altered after her termination.

- An ARIA manager confirmed in an audio recording how the company manipulates employee records to cover up wrongful terminations.

12. Defendants' actions constitute fraudulent record tampering, discrimination, retaliation, and wrongful termination. Defendants deliberately altered records to conceal their unlawful conduct and prevent Plaintiff from exercising her legal rights

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

1. front pay for lost wages and benefits.

2. Compensatory damages for emotional distress, humiliation, and financial loss.

3. Punitive damages for Defendants' intentional and malicious conduct.

4. An independent audit of Plaintiff's employment records to expose and correct unauthorized modifications.

5. Attorney's fees and costs under 42 U.S.C. § 12205.

6. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable by a jury.
Dated this 19 day of March, 2025

Respectfully submitted,

_____
YARITZA HERNANDEZ
4800 E. CHARLESTON BLVD APT2
LAS VEGAS, NV 89104
TEL: 725-298-2240
EMAIL: KINCAIDYARI@GMAIL.COM
SELF-REPRESENTED-PRO SE