Scott R. Pettitt, NV Bar # 11682
**MGM RESORTS INTERNATIONAL**
6770 South Edmond Street
Las Vegas, NV 89118
Telephone: (702) 692- 1937
Fax No.: (702) 669-4501
Email: spettitt@mgmresorts.com
*Attorney for Defendant Aria Resort & Casino, LLC*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| YARITZA HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ARIA RESORT & CASINO, LLC, a Nevada Limited Liability Company, and DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive.<br><br>Defendants. | CASE NO.: 2:24-cv-00725-GMN-BNW<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SEVENTH AMENDED COMPLAINT** |

Defendant ARIA RESORT & CASINO, LLC ("**Aria**") hereby moves to dismiss the Seventh Amended Complaint of Plaintiff Yaritza Hernandez ("**Plaintiff**") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. This Motion to Dismiss ("**Motion**") is based on the attached Memorandum of Points and Authorities and Plaintiff's Seventh Amended Complaint.

DATED: April 23, 2025

/s/ Scott R. Pettitt
_____
Scott R. Pettitt, NV Bar # 11682
*Attorneys for Defendants Aria Resort & Casino, LLC*

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

The scant factual allegations contained in Plaintiff's Seventh Amended Complaint fail to state a viable claim for relief under any of the five claims asserted.  Plaintiff attempts but fails to revive her first, fourth and fifth claims for relief which were previously dismissed by this Court with leave to amend.  *See*, ECF 35 and 36.  Indeed, the Seventh Amended Complaint contains far fewer factual allegations than did Plaintiff's original complaint. Ultimately, Plaintiff fails to demonstrate any viable claims and her action must be dismissed in its entirety.

## II.  RELEVANT PROCEDURAL HISTORY

Plaintiff filed her Complaint on April 13, 2024, and she filed a First Amended Complaint on April 15, 2024.  The First Amended Complaint set forth five causes of action:  (1) violation of the Family Medical Leave Act; (2) discrimination in violation of the ADA; (3) discrimination and retaliation in violation of Nevada Revised Statutes § 613.330; (4) negligent infliction of emotional distress; and (5) negligent hiring, retention, and supervision.  Defendants filed a motion to dismiss the First Amended Complaint.  See, ECF No. 13.  The Motion to Dismiss was granted in part and denied in part.  *See*, ECF 35 and 36.  Specifically, the Court dismissed all claims against Defendant MGM Resorts International with prejudice.  Further, the Court dismissed claims 1, 4 and 5 with leave to amend.  See, *Id*.  Additionally, the Court entered an order staying the case pending appointment of pro bono counsel.  *Id*.

On March 13, 2025, Plaintiff filed a Fifth Amended Complaint.  See, ECF 37.  On March 20, 2025 Plaintiff filed a Sixth Amended Complaint.  See, ECF 38.  On March 27, 2025, Plaintiff filed her Seventh and most recent Amended Complaint.  On April 8, 2025, The Court entered an order appointing pro bono counsel for the Plaintiff.  *See*, ECF 41.  Whereas the stay is now lifted

by virtue of appointment of the pro bono counsel, Defendant now seeks dismissal of the operative (Seventh) Amended Complaint.[1]

## III.    SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff asserts the following factual allegations in her Seventh Amended Complaint:

1. Aria acted in accordance with a direct order from their Chief Executive Officer regarding Plaintiff's termination. SAC ¶ 4. Plaintiff does not describe what was ordered or what act was taken.

2. Plaintiff believes that her managers at Aria requested a meeting with the CEO and argued that Plaintiff should not be terminated because it was not her fault that she was sick and termination would not be fair or just. The managers requests were denied and the CEO refused to allow Plaintiff to remain employed. SAC ¶ 5.

3. Plaintiff believes that the CEO personally ordered Plaintiff's immediate removal from the premises and instructed security to escort her. However, security did not escort her because they knew that such an action would have been humiliating and unjustified. SAC ¶ 6.

4. Several MGM managers told Plaintiff that she should seek legal representation because her termination was irrational, discriminatory and unlawful. SAC ¶ 7.

5. Plaintiff believes that after her termination Aria manipulated her employment records to create a false justification for her firing. SAC ¶ 8.

6. One of Plaintiff's managers told her that the company had "hacked" into her employment profile and manually added "points" to make it appear that she had exceeded attendance limits. Plaintiff's FMLA approval should have automatically removed these points. SAC ¶ 9.

7. Aria's attendance system is computer-controlled and cannot be manually altered unless done through unauthorized access. SAC ¶ 10.

---

[1] Defendant recognizes the procedural irregularities in Plaintiff's filing of multiple amended complaints while the case was stayed and without leave to file additional amended complaints. While those amended complaints could be subject to a motion to strike, Defendant waives the procedural irregularities and agrees to treats the Seventh Amended Complaint as the operative pleading.

8. Plaintiff did not have excessive points at the time of her termination. She was formally approved for FMLA leave and was granted ADA accommodations. Her employment records were fraudulently altered after her termination. An Aria manager stated that the company manipulates employee records to cover up wrongful terminations. SAC ¶ 11.

## IV. ARGUMENT

### A. LEGAL STANDARD

#### 1. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" by alleging sufficient facts to raise a plaintiff's entitlement to relief beyond the speculative level. See, Fed. R. Civ. P. 8(a)(2); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). This obligation requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. Rather, to survive a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Though the party opposing a 12(b)(6) motion to dismiss is given the benefit of the doubt in that his factual allegations are accepted as true, a court will not assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Additionally, the court should disregard conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," and must do more than "merely create a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted).)

Because the line separating the plausible from the merely conceivable is not always a clear one, the reviewing court is to "draw on its judicial experience and common sense" in making the determination of what a plausible claim looks like. *Iqbal*, 556 U.S. at 679. In *Iqbal*, the Supreme

4

Court provided a framework in which the reviewing court could exercise its experience and common sense. First, the court should determine which allegations merely state legal conclusions and which are indeed factual assertions. Second, the court should determine whether the factual assertions present a plausible entitlement to relief. *Id*. at 679. In other words, the court must determine whether the remaining factual content, if true, permits a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678-79. Where a complaint relies on formulaic recitations of a claim or unsupported conclusions, its claims should be dismissed.

Further, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss entirely a complaint and/or claims that are not filed with the appropriate court and/or administrative agency within the requisite filing periods (i.e., statutes of limitation, mandatory claim-processing rules, etc.). *See* FED. R. CIV. P. 12(b)(6); 42 U.S.C. § 2000e-5(e); *Fort Bend Cnty., Tex. v. Davis*, 139 S.Ct. 1843, 1850 (2019) [hereinafter "*Fort Bend*"] (holding that administrative "charge-filing instruction[s]" involve "mandatory" claim-processing rules, and that "a court must enforce the rule if a party properly raise[s] it") (internal quotations omitted) (quoting *Ebehart v. U.S.*, 546 U.S. 12, 19 (2005)); *Ebehart*, 546 U.S. at 13, 17 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)) (affirming the dismissal of a pleading that was eleven days late "on the basis of untimeliness" because claim-processing rules are "inflexible"); *Mendoza v. Dejoy*, No. 21-cv-00991-H-JLB, 2021 U.S. Dist. LEXIS 202300, at *2, n.2 (D. Nev. Oct. 19, 2021) (quoting *Cloud v. Brennan*, 436 F. Supp. 1290, 1302 (N.D. Cal. 2020) (citing *Fort Bend.*, 139 S.Ct. at 1850 (stating that "the Supreme Court [in *Fort Bend*] recently clarified that Title VII's claim-processing rules [are] mandatory" and that "administrative exhaustion arguments [to dismiss complaints that failed to meet claim-processing rules fall] under Rule 12(b)(6)"); *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999); *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 n.1, 1458-59 (9th Cir. 1990) (citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982).

      **2.**    **Dismissal Pursuant to FRCP 12(b)(1)**

Because federal discrimination claims are jurisdictional, Defendants also move to dismiss Plaintiff's claims pursuant to FRCP 12(b)(1). Defendants recognizes that *Fort Bend Cnty., Tex.*

*v. Davis*, 139 S.Ct. 1843, 1850 (2019) ("*Fort Bend*") views a plaintiff's failure to exhaust administrative remedies as non-jurisdictional based on mandatory claim-processing rules thus falling under FRCP 12(b)(6).  Nevertheless, this Court has explained that a failure to exhaust administrative remedies deprives the court of subject matter jurisdiction; thus, Defendant also moves for dismissal on this basis.  *See, Salehian v. Nev. State Treasurer's Office, 618 F. Supp. 3d 995, 1013* (D. Nev. 2022) ("For this Court to exercise subject matter jurisdiction over [plaintiff's] claims, [plaintiff] was required to 'exhaust [her] administrative remedies by either filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge'") (quoting *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002)).)

Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's Seventh Amended Complaint as it cannot survive the incurable defects set forth below.

**B. PLAINTIFF FAILS TO DEMONSTRATE EXHAUSTION OF HER ADMINISTRATIVE REMEDIES**

Plaintiff's Second Claim for relief (Discrimination and Retaliation – 42 U.S.C. 12101 et seq.) and Third claims for relief (Dicrimination – NRS 613.330) must be dismissed because they require a showing that Plaintiff has exhausted her administrative remedies.  As with Title VII, an individual asserting a violation of the ADA must exhaust their administrative remedies by filing a charge of discrimination with the EEOC before the individual can file a complaint in state or federal court that alleges an ADA violation.  See, 42 U.S.C. § 2000e-5(f).  Dismissal is proper when the Complaint fails to allege facts demonstrating exhaustion of administrative remedies.  *Stewart v. Cal. Dep't of Educ.*, 493 Fed. Appx. 889, 891 (2012).

Plaintiff's Seventh Amended Complaint makes no allegations whatsoever about exhaustion of administrative remedies.  The Second and Third Claims for Relief must therefore be dismissed.

**C. PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF FAMILY MEDICAL LEAVE ACT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

As an initial matter, it is difficult for Defendant to even decipher what kind of alleged violation is being asserted under the FMLA.  Courts recognize two separate causes of action for

6

FMLA claims: (1) interference or (2) retaliation. *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001). Plaintiff fails to establish a plausible claim for relief under either theory.

### 1. Plaintiff has not plead sufficient facts to state a claim for FMLA interference.

For an FMLA interference claim, Plaintiff must at the very least, plead that (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011). Moreover, she must plead that her request for FMLA-protected leave constituted a negative factor in Defendant's decision to discharge her. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001).

The Seventh Amended Complaint fails to state facts to support any element of an FMLA interference claim. She simply does not allege that (1) she was eligible for FMLA protections, (2) that Aria was covered by the FMLA, (3) she was entitled to leave under FMLA, (4) she provided any notice of her intent to take leave, or (5) that she was denied FMLA benefits. Regarding her eligibility for FMLA protections, she does not "has been employed— for at least 12 months by the employer with respect to whom leave is requested… and for at least 1,250 hours of service with such employer during the previous 12-month period." 29 USCS § 2611.

Accordingly, Plaintiff has not stated a viable claim for FMLA interference. It should be noted that this claim was previously dismissed with leave to amend. Whereas Plaintiff has filed an amended complaint and still cannot plead sufficient factual allegations, this claim should now be denied with prejudice and without leave to amend.

### 2. Plaintiff has not plead sufficient facts to support a claim for FMLA retaliation.

To prevail on an FMLA retaliation claim, Plaintiff must present a prima facie case under the *McDonnell Douglas* burden-shifting framework that (1) she was engaged in protected activity; (2) she suffered an adverse action; and (3) there was a causal link between the two. *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012); *Cornwell v. Microsoft Corp.*, 192 Wash. 2d

7

403, 411, 430 P.3d 229 (2018). Here, Plaintiff cannot demonstrate even the first element. Plaintiff does not allege that she engaged in any protected activity or identify that activity. Any argument that the act of requesting FMLA constitutes a protected activity fails because (1) the Seventh Amended Complaint does not allege that she requested FMLA benefits, and (2) "if an employee fails to show that [s]he was eligible under [the FMLA], then [s]he cannot show, as a matter of law, that [s]he was engaged in protected activity. An employer cannot be liable for retaliation under [the FMLA] where the employer terminates an employee who is not entitled to [FMLA] benefits." *Hayes v. Deluxe Mfg. Operations LLC*, 2018 U.S. Dist. LEXIS 67373 (2018), citing *Beck v. Augusta*, No. CV 112-188, 2015 U.S. Dist. LEXIS 25718, 2015 WL 900306, at *8 (S.D. Ga. Mar. 3, 2015) (citations omitted).

Further, Plaintiff has not alleged that she engaged in "protected activity" which can be asserted as a basis for an FMLA retaliation claim. Pursuant to 29 U.S.C. § 2615, anti-retaliation claims protects employees who: (1) oppose or complain about an unlawful practice under the [FMLA]; (2) file any charge or initiate a proceeding under the [FMLA]; or (3) give information or testify in an inquiry related to a right protected under the FMLA. *See* 29 U.S.C. § 2615.

Plaintiff does not allege any facts to demonstrate a causal connection between her engagement in a protected activity and an adverse employment action. Plaintiff's complaint is devoid of any factual allegations that would support a retaliation claim under the FMLA. Accordingly, Plaintiff has not stated a claim for relief under the FMLA upon which relief can be granted and her first cause of action should be dismissed.

### D. PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION FOR DISCRIMINATION UNDER THE ADA AND NRS § 613.330 FAIL TO STATE A CLAIM

Plaintiff fails to allege sufficient facts to state a claim for discrimination under either the Americans with Disabilities Act (ADA) or NRS § 613.330. The sole allegation in the Seventh Amended Complaint relating to the ADA is that, "Plaintiff has obtained documented proof demonstrating that:… she… was granted ADA accommodations." ECF 39 at ¶11.

To assert a prima facie case for discrimination under the ADA, Plaintiff must establish that (1) she is disabled within the meaning of the ADA, (2) she is a qualified individual, and (3) she suffered an adverse employment action because of her disability. Allen v. Pac. Bell, 348 F.3d 1113, 1114 (9th Cir. 2003). Plaintiff alleges no facts to support any of these elements.

First, Plaintiff does not allege a disability. The ADA defines a "disabled person" as an individual who has "a physical or mental impairment that substantially limits one or more of the individual's major life activities." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004). Plaintiff does not allege any impairment. At most, she alleges that at one point her managers argued that she should not be terminated because it was not her fault that she was sick. ECF 39 at ¶5. Even if one can infer from that allegation that she was "sick," she does not allege that the unidentified sickness caused physical or mental impairment that substantially limited one or more of her daily activities.

Second, Plaintiff fails to plausible alleges that she was a qualified individual. A "qualified individual" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Plaintiff provides no factual description of a disability and further does not allege that she was capable of performing the essential functions of her job with or without an accommodation.

Third, Plaintiff does not plausibly allege that she suffered an adverse employment action because of her disability. Plaintiff does not describe the reasons for her separation. Even if one could infer from the allegations that her separation had something to do with her attendance, Plaintiff does not allege that any attendance issues were related to a disability. It is not a violation of the ADA to terminate an employee for attendance issues that are unrelated to a disability.

Accordingly, Plaintiff fails to plausibly allege a claim for violation of the ADA and her Second claim for relief should be dismissed.

A claim for disability discrimination under NRS 613.330 is evaluated using the same standard as a claim for disability discrimination under the ADA. *Pope v. Motel 6*, 114 P.3d 277,

9

280 (Nev. 2005). Because Plaintiff fails to state a plausible claim for disability discrimination under the ADA she also fails to state a claim for disability discrimination under state law. As such, Plaintiff third cause of action should be dismissed.

### E. THE RETALIATION CLAIM INCLUDED IN PLAINTIFF'S SECOND CLAIM FOR RELIEF FAILS TO STATE A CLAIM UNDER THE ADA.

"Under the ADA, 42 U.S.C. § 12203(a), the anti-retaliation provision, provides: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1264 (9th Cir. 2009). "To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Campos v. Town of Pahrump*, 274 F. Supp. 3d 1106, 1115-1116 (2017).

Plaintiff has failed to plead facts which, if true, would entitle her to relief. First, Plaintiff fails to allege that she participated in a protected activity and fails to allege any facts that constitute a protected activity. A "[p]rotected activity typically 'refers to action taken to protest or oppose statutorily prohibited discrimination.'" *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000); *accord Treglia v. Town of Manlius*, 313 F.3d 713, 719-20 (2d Cir. 2002). The Seventh Amended Complaint contains no such allegations. Second, while Plaintiff alludes to the fact that she was terminated for improper reasons, she fails to demonstrate any connection between engagement in protected activity and her termination.

Plaintiff's cause of action for "retaliation" is indistinguishable from her cause of action for discrimination. The alleged facts do not fit a cause of action for retaliation. Accordingly, Plaintiff's ADA "Retaliation" claim should be dismissed.

### F. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ("NIED") FAILS TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

To state a claim for NIED, a plaintiff must allege that (1) the defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress," (2) the plaintiff "suffered severe or extreme emotional distress," and (3) "actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 91–92 (Nev. 1981). For NIED claims brought for negligent actions committed directly against a plaintiff, "either a physical impact must have occurred or… proof of serious emotional distress causing physical injury or illness must be presented." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (internal quotations omitted). Plaintiff's stated facts fall short of meeting these elements.

First, the Seventh Amended Complaint lacks allegations rising to the level of extreme and outrageous conduct. The "termination of employees, even in the context of a discriminatory [employment] policy does not in itself amount to extreme and outrageous conduct…" (*Hirschhorn v. Sizzler Restaurants International, Inc.*, 913 F.Supp. 1393, 1401 (D. Nev. 1995); *see also Welder v. Univ. of So. Nev.*, 833 F. Supp. 2d 1240, 1242 (D. Nev. 2011) ("[a] simple pleading of personnel management activity is insufficient to support a claim of [IIED], even if improper motivation is alleged." (emphasis added)); *see also Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988) citing *Brieck v. Harbison-Walker Refractories*, 624 F.Supp. 363, 367 (W.D. Pa.1985) ("while loss of employment is unfortunate and unquestionably causes hardship, often severe, it is a common event" and cannot provide a basis for recovery for IIED.)

Plaintiff's NIED claim apparently premised entirely on her separation from employment and alleged actions taken to cover up that discrimination. Plaintiff's bizarrely asserts that the Defendant unlawfully "hacked" into its own files and fraudulently altered the information contained therein by adding "points" to make it appear as though she had exceeded attendance limits. *See*, ECF 39 at ¶8-9. Conclusory allegations that Defendant fraudulently altered employment records, even if taken as true, remain "[a] simple pleading of personnel management activity" that does not support a claim for NIED. See, *Welder v. Univ. of So. Nev.*, 833 F. Supp. 2d 1240, 1242 (D. Nev. 2011) Such action should not be viewed as "outside all possible bounds of decency" and regarded

11

as "utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998).

Second, Plaintiff does not sufficiently allege severe emotional distress. General physical or emotional discomfort is insufficient to demonstrate severe emotional distress—a plaintiff must allege such "serious emotional distress" that it "results in physical symptoms." *Chowdhry v. NLVH Inc.*, 851 P.2d 459, 482 (Nev. 1993). Here, Plaintiff makes no allegations whatsoever about emotional distress, much less about distress of such severity that it results in physical symptoms.

Third, fails to plausible allege actual or proximate causation. Because Plaintiff makes no allegations at all of emotional distress, it follows that she does not allege that any action by the Defendant caused emotional distress. Plaintiff therefore fails to satisfy the third element.

Additionally, the Seventh Amended Complaint lacks well-pled factual allegations of "physical impact" or "physical injury or illness." Thus, Plaintiff fails to meet this additional requirement for an NIED claim.

Accordingly, Plaintiff fails to plausibly allege a claim for NIED and her Fourth Claim for Relief should be dismissed.

### G. PLAINTIFF'S FIFTH CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION OR SUPERVISION ALSO FAILS TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

Finally, Plaintiff's Fifth Cause of Action for negligent hiring, retention, and supervision also fails to state a claim upon which relief can be granted. The tort of negligent hiring "imposes a general duty on an employer to conduct a reasonable background check on a potential employee to ensure that" he or she is suitable for the position. *Burnett v. C.B.A. Sec. Serv., Inc.*, 820 P.2d 750, 789 (Nev. 1991) (citation omitted). Plaintiff's Seventh Amended Complaint makes no mention of background checks whatsoever and does not allege any failure related thereto. Thus, she plainly fails to state a claim for negligent hiring.

The elements of a negligent training, supervision, and retention claim are (1) a general duty on the employer to use reasonable care in the training, supervision, and retention of employees to ensure that they are fit for their positions, (2) breach, (3) injury, and (4) causation. *Sanchez v.*

*Albertson's LLC*, 2022 U.S. Dist. LEXIS 134119, *4 (citations omitted). Plaintiff fails to allege sufficient facts to meet all of the requisite elements.

Plaintiff does not plausibly allege the element of breach. The Plaintiff must allege facts specifically indicating how the employer violated its duty. *Colquhoun v. BHC Montevista Hospital, Inc.*, No. 2:10-cv-00144- RLH-PAL, 2010 WL 2346607, at *3 (D. Nev. June 9, 2010). Here, Plaintiff makes no factual allegations regarding Aria's training or failure to train its employees.

Next, Plaintiff does not sufficiently allege an injury. Although she includes a request for lost wages and compensatory damages in her prayer for relief, she makes no factual allegations that she incurred such injuries. Thus, she has not plausibly plead the injury element.

Plaintiff also fails to plausibly plead the element of causation. Because she fails to allege facts to demonstrate that Aria breached a duty to train and supervise its employees, she also cannot show how such a nonexistent breach caused her injuries. She does not allege facts to show that any particular employee was inadequately trained or supervised or that she suffered any adverse consequence as a result of that lack of training or supervision. To the extent Plaintiff alleges wrongful conduct, the wrong that she alleges was perpetrated (if any) lies in her termination. That is, it relates to the conduct of *the employer*—not an employee—and so does not support a claim for negligent hiring, training, or supervision.

Accordingly, Plaintiff's Fifth Cause of Action fails to state a claim for negligent hiring, training, or supervision upon which relief may be granted. Plaintiff's failure to adequately plead this claim even after being granted leave to amend, demonstrates Plaintiff's inability to satisfy the elements of the claim. Therefore, dismissal with prejudice and without leave to amend is now appropriate.

## V.   CONCLUSION

For the reasons set forth above, Defendants respectfully requests that Plaintiff's Seventh Amended Complaint be dismissed with prejudice and in its entirety.

DATED:  April 23, 2025                                     Respectfully submitted,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ Scott R. Pettitt

---

Scott R. Pettitt, NV Bar # 11682
*Attorneys for Defendants Aria Resort & Casino, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2025, I electronically filed a copy of the foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SEVENTH AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which sent a notification of such filing (NEF) to the registered participants as identified on the NEF, and depositing same in the United States mail via Certified Mail and U.S. First Class Mail, to the persons and addresses listed below:

James P. Kemp, Esq.
Kemp & Kemp
7435 W. Azure Drive
Suite 110
Las Vegas, NV 89130
702-258-1183
Email: jp@kemp-attorneys.com
*Attorney for Plaintiff*

**MGM RESORTS INTERNATIONAL**

*/s/ Mike Brooks*
Mike Brooks
*Employee of MGM Resorts International*