1
2
3
4
5
6
7
8

JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff
*Yaritza Hernandez*

9
10

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

11
12
13
14
15
16
17
18

YARITZA HERNANDEZ,

                              Plaintiff,

vs.

ARIA RESORT & CASINO, LLC, a Nevada
Limited Liability Company; and Does 1
through X, inclusive, and ROE
CORPORATIONS I-X, inclusive,

                              Defendants.

Case No.: 2:24-cv-725-GMN-BNW

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

19
20
21
22
23
24
25
26
27
28

        COMES NOW YARITZA HERNANDEZ, by and through her counsel, James P. Kemp, Esq.,

and Victoria L. Neal, Esq., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges

causes of action against the Defendants as follows:

**JURISDICTIONAL ALLEGATIONS**

        1.   This is a civil action for damages brought by YARITZA HERNANDEZ (herein "Plaintiff")

against her former employer ARIA RESORT & CASINO, LLC  (herein "Defendant") for (1) its

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

1

violations of the Family and Medical Leave Act, 29 U.S.C. §2601 et seq., as amended (herein "FMLA"); (2) Discrimination in violation of the Americans With Disabilities Act of 1990 as amended in January 2009, 42 U.S.C.A. § 12101 *et seq*. (herein "ADAAA"); (3) Discrimination based on disability in violation of Nevada Revised Statute 613.330 *et seq*.; [1] and, (4) Negligent Training, Supervision and Retention under Nevada common law. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state claims alleged herein.

2.    Venue is proper in the unofficial Southern Division of the Court in that all material events complained of herein took place in Clark County, Nevada.

3.    Plaintiff contacted the U.S. Equal Employment Opportunity Commission (herein "EEOC") on or about April 30, 2023, with the intent of filing a Charge. The EEOC prepared the formal Charge (No. 487-2023-017730) for Discrimination and Retaliation based on disability which Plaintiff signed on or about July 26, 2023.

4.    The Charge referenced in the preceding paragraph, was "dual filed" with both the Nevada Equal Rights Commission (NERC) and EEOC which means that both agencies received the charges at the exact same instant. This is based upon the Worksharing Agreement for fiscal year 2018 between NERC and EEOC which had been repeatedly extended in many prior years. The Worksharing Agreement was extended for fiscal year 2019. The Worksharing Agreement, which is a model agreement used by EEOC and many state FEPAs for many years with no substantive changes. The Worksharing Agreement states that "In recognition of, and to the extent of the common jurisdiction and goals of the two (2) Agencies… the FEPA and the EEOC hereby agree to the terms of this

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

---

1 Throughout the Complaint, Plaintiff's references to the ADAAA should be construed as encompassing the allegations and claims under Nevada state law as well. *Campos v. TOWN OF PAHRUMP*, 274 F. Supp. 3d, 1006, 1115 (D.Nev. 2017) (Boulware, R.F.) (citing Pope *v. Motel 6*, 121 Nev. 307, 114 P.3d 277, 280 (2005) ("Nevada courts apply the ADA approach to Plaintiff's state law claims. The Supreme Court of Nevada has held that "[i]n light of the similarity between Title VII of the 1964 Civil Rights Act and Nevada's anti-discrimination statutes, we have previously looked to the federal courts for guidance in discrimination cases."

Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate Nevada State Laws and Federal Laws." Continuing, the Worksharing Agreement states, "In order to facilitate the assertion of employment rights, the EEOC and the [NERC] each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. The EEOC's receipt of charges on the [NERC]'s behalf will automatically initiate the proceedings of both the EEOC and the [NERC]…" and goes on to say, "For charges originally received by the EEOC and/or to be initially processed by the EEOC, the [NERC] waives its right of exclusive jurisdiction to initially process such charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day." This is also consistent with NRS 233.160(1) which states as follows: "A complaint is timely if it is filed with an appropriate federal agency within that period." *See also Fort Bend Cty., Tex. v. Davis,* 139 S. Ct. 1843, 1846 (2019) ("If the state or local agency has a 'worksharing' agreement with the EEOC, a complainant ordinarily need not file separately with federal and state agencies. She may file her charge with one agency, and that agency will then relay the charge to the other.").

5. On February 14, 2024, the EEOC issued Plaintiff a "Notice of Right to Sue." The Plaintiff received that notice approximately three business days later. Plaintiff filed this suit within the requisite 90 days of receipt of that Notice.

6. Plaintiff has fully complied with all prerequisites under the FMLA, the ADAAA, and Nevada state statutes to pursue all claims in this Court.

7. Plaintiff timely files all claims.

8. The claims are in excess of $15,000.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

**PARTIES**

9.      Plaintiff is a resident of Clark County, Nevada, and was at all relevant times herein.

10.     At all times relevant, Plaintiff was an "eligible employee" of Defendant as that term is defined in the Family Medical Leave Act ("FMLA"). 29 U.S.C. §2611.

11.     At all times relevant, Defendant was Plaintiff's "employer" as that term is defined in 29 U.S.C. §2611.

12.     Defendant is a Nevada Limited Liability Company and has continuous and ongoing business operations in the state of Nevada and Clark County and engages in an industry affecting commerce.

13.     Defendant is an employer within the State of Nevada and within the jurisdictional coverage of Title VII of the Civil Rights Act, NRS Chapter 613, the FMLA, and the ADAAA.

14.     Defendant, as a fictional business entity, can only operate by and through its agents, directors, officers, managers, supervisors, and employees. Therefore, wherever the identifying word Defendant is used, in relationship to Defendant, it encompasses actions by and through its agents, directors, officers, managers, supervisors, and employees.

15.     Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendant DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint.

16.     Unless otherwise by way of right, Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

## FACTUAL ALLEGATIONS

17.     The various violations of law which are alleged herein were committed intentionally and/or willfully by Defendant and with malice, fraud, or oppression, and with Defendant's conscious disregard for the rights of Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendant's acts in violation of the law.

18.     On or about October 12, 2021, Plaintiff was hired by Defendant as a full-time Cage Cashier. Plaintiff previously worked for approximately 15 years at other MGM Resorts International properties before spending several years in security and cage cashier positions at other casinos.

19.     Plaintiff was qualified for her position as a Cage Cashier having performed her duties as a Cage Cashier from October 12, 2021, through her unlawful termination on May 1, 2023.

20.     Plaintiff performed her job duties at or above the reasonable expectations of Defendant.

21.     During her tenure with Defendant, Plaintiff received positive manager feedback with several entries complimenting her hard work, managing her cage alone on a shift, and several times for coming in on days off to cover co-workers' shifts. Positive feedback occurred in 2021, 2022, and 2023.

22.     As a full-time employee for Defendant, Plaintiff worked at least 1250 hours in the 12 month (one year) prior to her need for leave under the FMLA.

23.     As early as June 2021, Plaintiff was diagnosed with breast cancer and informed her managers of her diagnosis and the necessity for her to take leave from time to time for treatments, pain, and other serious health conditions associated with her cancer.

24.     Plaintiff's cancer substantially limited major life activities such as her ability to sleep, lift, push, pull, think, and concentrate, among others.

25.     Plaintiff's cancer is a physical disability as defined under the ADAAA. Plaintiff's cancer also qualified as a serious health condition for the purposes of the FMLA.

26.     Defendant had an affirmative duty under the ADAAA, executed through its employees, to engaged in good faith in the interactive process to determine reasonable accommodations for Plaintiff. Defendant failed to do so.

27.     Defendant's managers informally accommodated Plaintiff's attendance requests for cancer treatment and for cancer-related pain, until it unilaterally and arbitrarily stopped its established accommodation practice.

28.     Plaintiff's managers did not advise her to seek a formal accommodation under the ADAAA nor did they engage in the interactive process under the ADAAA to determine reasonable accommodation given her disability.

29.     Defendant has a duty to train and supervise its employees on ADAAA and FMLA requirements. Defendant failed to do so leading to discrimination, interference, and deprivation of Plaintiff's rights under the ADAAA, NRS Chapter 613, and the FMLA.

30.     Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

31.     There were one or more reasonable accommodations available that would have enabled Plaintiff to perform the essential functions of her job on days when she had treatment and/or was experiencing pain, symptoms, or adverse consequences of her disability, including intermittent or block medical leaves of absence.

32.     Between October 2021 and March 2023, Plaintiff requested to take leave under the FMLA twice and was denied by Defendant.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

33.     In an online submission for leave, Plaintiff reminded Defendant of her breast cancer diagnosis and that on occasion she needed time off to address her disability and its consequences to her health.

34.     Defendant's Specialists assessed Plaintiff online submission form and determined that she might be eligible for leave under the FMLA.

35.     Defendant's Specialists never communicated with Plaintiff anything about the ADAAA and that she could be eligible for reasonable accommodation in the form of leave. As a result, Defendant never engaged in good faith in the interactive process with Plaintiff to ascertain reasonable accommodations, thereby depriving Plaintiff of her legal rights.

36.     Despite the FMLA denials, and its failure to formally provide a reasonable accommodation to Plaintiff, Defendant's managers informally accommodated Plaintiff's attendance requests for cancer treatment and for cancer-related pain, symptoms, and consequences to her health until it arbitrarily stopped its established practice.

37.     On or about March 9, 2023, Defendant's human resources notified Plaintiff that she was subject to "Suspension Pending Investigation" due to attendance. The SPI was signed by Plaintiff's manager Sherri Peterson. Plaintiff's absences were a result of her disability / serious health condition.

38.     Defendant's Separation PAN states that the last alleged final attendance infraction was January 12, 2023, two months before Defendant suspended Plaintiff.

39.     Plaintiff maintained contact with Defendant's human resource department and provided it with medical documentation it requested and that was completed by her medical provider on April 7, 2023.

40.     On April 13, 2023, Defendant Plaintiff issued an FMLA approval letter.

41.     Defendant refused to return Plaintiff to work after approving her for FMLA leave.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

42.    Plaintiff reached out to Defendant on no less than five occasions asking for help including, in part, asking that she be returned to work. The automated response was, "a specialist will respond to your question within two business days."

43.    On or about April 18, 2023, Plaintiff again contacted Human Resources with various concerns and questions about not being returned to work.

44.    When Defendant finally contacted Plaintiff, she was told to contact the Employee Relations team or her managers to discuss her suspension and her return to work.

45.    None of Defendant's employees with whom Plaintiff engaged, including those designated as Specialists, Employee Relations, or Human Resource personnel discussed with Plaintiff the ADAAA and that they need to engage in the interactive process to determine reasonable accommodations for her.

46.    Defendant has a duty to train and supervise its employes on ADAAA, NRS Chapter 613, and FMLA requirements. Defendant failed to do so leading to deprivation of Plaintiff's rights under the ADAAA, NRS Chapter 613, and the FMLA.

47.    On April 25, 2023, Plaintiff was marked as being absent and Plaintiff's absence was a Paid Time Off (PTO) day. This was changed to an Unpaid Time Off day. Plaintiff was still on suspension.

48.    On or about April 26, 2023, Plaintiff contacted Employee Relations who told her she had to wait to return to work.

49.    Three days later, on April 28, 2023, Plaintiff was told by her manager that she was being terminated.

50.    On May 1, 2023, Defendant formally terminated Plaintiff's employment with the stated reason being violation of the attendance policy for absences. Plaintiff's absences were related to her disability / serious health condition.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ● Fax (702) 258-6983

## FIRST CAUSE OF ACTION
### VIOLATION THE FAMILY MEDICAL LEAVE ACT
### (29 U.S.C. § 2615(a)(1))

51.    All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

52.    Defendant operates in interstate commerce and employs over 50 employees within a 75-mile radius of the location where Plaintiff was employed in Clark County, Nevada.  Therefore, Defendant is a "covered employer," as defined at 29 U.S.C. § 2611(4), under the Family and Medical Leave Act 29 U.S.C. §§ 2611-2654 and subject to all provisions stated therein.

53.    As a "covered employer" under the FMLA, Defendants are required to offer any "eligible employee," as defined at 29 U.S.C. § 2611(2), up to 12 weeks of leave for of absence "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

54.    Plaintiff was an "eligible employee," entitled to the protections of the FMLA having worked for Defendant over 1250 hours during the preceding 12 months and having been employed for approximately one year when her need for leave arose.

55.    Plaintiff was qualified to obtain leave under the FMLA because she had a serious health condition.   Specifically, she had breast cancer.   Cancer is a serious health condition. https://hr.nih.gov/about/faq/benefits/leave/family-medical-leave-act-fmla/what-serious-health-condition-under-fmla ("This definition includes conditions such as cancer, heart attacks, strokes, severe injuries, Alzheimer's disease, and/or terminal diseases.")

56.    Plaintiff provided Defendant notice of her need for leave or intermittent time off by speaking with Defendant's duly authorized agent(s), such that Defendant received sufficient notice to

trigger its responsibility to provide leave under the FMLA, and/or furnishing a medical packet, and/or stating the same in an online submission form.

57.    By taking the adverse action of terminating Plaintiff on May 1, 2023, Defendant violated 29 U.S.C. § 2615(a)(1) by unlawfully interfering with, denying, or restraining Plaintiff's right to medical leave under the FMLA and rights under the Act.  This would include interference with Plaintiff's future need for leave or intermittent leave under the FMLA.

58.    Defendant's violations of the FMLA were willful and without justification.

59.    Defendant's acts were done with malice and oppression and with Defendant's conscious disregard for the rights of Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendant's acts in violation of the FMLA.

60.    Defendant is liable to Plaintiff for violating her rights under the FMLA.

61.    Plaintiff has been damaged in an amount to be proven at trial.

62.    Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 2617 (a)(1)(A) and (B) including, but not limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendant's violation of the FMLA; liquidated damages as provided for under the FMLA; interest as provided for under the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FMLA and/or front pay in lieu of employment or reinstatement.

63.    Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to 29 U.S.C. § 2617(a)(3) for having to incur costs and fees associated with the exercise of her legal rights and remedies through this action.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

64.     Defendant did not act in good faith as it had no reasonable grounds for believing that the termination of Plaintiff was not in violation of the FMLA.

**SECOND AND THIRD CAUSES OF ACTION:**
**DISCRIMINATION IN VIOLATION**
**OF THE AMERICANS WITH DISABILITIES ACT**
**AND NEVADA STATE LAW**

65.     Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

66.     Defendant is an employer under the ADAAA which requires the employer to have more than 15 employees.

67.     Defendant had over 500 employees during the relevant time.

68.     Defendant is liable to Plaintiff for violating her rights under the ADAAA and Nevada state law under NRS Chapter 613.

69.     As more fully detailed above, Plaintiff was diagnosed with breast cancer in 2021. Breast cancer is a disability under the ADAAA.

70.     As more fully detailed above, Defendant was made aware of Plaintiff's disability every year including in an online submission for leave in approximately 2023.

71.     As more fully detailed above, it was necessary for Plaintiff to have time off to address the pain, physical consequences of and limitations on her activities of daily living associated with her cancer, as well as treatments.

72.     As more fully detailed above, Plaintiff was qualified for her job and could perform the essential functions of her job with or without reasonable accommodation.

11

73.     As more fully detailed above, Plaintiff has a physical impairment that substantially limits the major life activities such as, among others, Plaintiff's ability to sleep, speak, breath, lift, push, pull, think, and concentrate due to the pain.

74.     Although knowing of Plaintiff's disability, Defendant did not engage in the legally required interactive process calculated to develop a reasonable accommodation for Plaintiff, thereby failing to accommodate Plaintiff.

75.     There was reasonable accommodation available for Plaintiff, including leave. Accommodation would not have posed any undue hardship to Defendant.

76.     Plaintiff posed no direct threat to the health or safety to herself or others in the workplace.

77.     As more fully detailed above, Defendant terminated Plaintiff on May 1, 2023. This was an adverse employment action.

78.     Defendant's acts constituted discrimination against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment in violation of the ADAAA and Nevada state law.

79.     Plaintiff suffered emotional distress, humiliation, mental anguish, harm to her professional reputation, and other general compensatory damages recognized under the law.

80.     Plaintiff suffered both economic and general non-economic damages as a direct and proximate result of Defendant's violation of federal law and Nevada state law.

81.     Plaintiff has been required to hire an attorney and expend attorneys' fees and incur costs to pursue and protect his legal rights by this action.

82.     Defendant's actions were taken with willful, wanton and reckless disregard of Plaintiff's rights under federal law. Plaintiff should be awarded Punitive and Exemplary damages against Defendant to make an example of Defendant and to deter future conduct of this nature.

83.     Defendant did not act in good faith as it had no reasonable grounds for believing that the termination of Plaintiff was not in violation of the ADAAA.

<u>**FOURTH CAUSE OF ACTION**</u>:
**NEGLIGENT TRAINING, SUPERVISION AND RETENTION**

84.     Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

85.     Nevada employers, including Defendant, owe a duty to their employees to use reasonable care in selecting, training, supervising and retaining employees by making sure those employees are fit for their positions.

86.     Defendant had a duty of reasonable care to protect the Plaintiff from the negligent and/or careless actions of its own agents, officers, employees and others in training, supervising and retaining its employees.

87.     Defendant had a duty to adequately train and supervise its employees regarding all correct policies and procedures relating to Federal and State anti-discrimination and anti-retaliation laws, including the ADAAA, NRS Chapter 613, FMLA, medical leave, absences and /or termination.

88.     Defendant breached its duty by failing to train, supervise and retain employees who were entrusted with interacting with Plaintiff and are, therefore, liable for their actions and omissions. Defendant's breach of duty also includes employing persons who failed to develop and effectively institute reasonable and common workplace procedures and policies to prevent wrongful and illegal conduct such as what happened to Plaintiff.

89.     Defendant damaged Plaintiff by failing to train and supervise personnel which resulted in damages including severe emotional distress, including but not limited, mental and emotional harm,

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

anguish, insecurity, damage to self-esteem and self-worth, shame, humiliation, lack of appetite, loss of sleep and/or anxiety.

90.    As a direct and proximate result of Defendant' s conduct described hereinabove, Plaintiff sustained damages more than $15,000.00 to be determined by a jury.

91.    Defendant has acted willfully and maliciously, and with oppression, fraud and/or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary and punitive damages.

### <u>DEMAND FOR JUDGMENT FOR RELIEF</u>

**WHEREFORE**, Plaintiff expressly reserves the right to amend his Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands all applicable relief including, but not limited to:

A.  All applicable relief provided for provided for by the Americans With Disabilities Act of 1990 as amended in January 2009, NRS 613.432, and Nevada common law including, but not limited, to the following:

1.    Money damages in excess of $15,000.00;

2.    Economic damages including, but not limited to, lost wages and benefits of employment, incidental and consequential damages;

3.    General compensatory damages recognized by law including, but not limited to, emotional distress and general economic harm;

4.    Liquidated damages;

5.    Nominal damages;

6.    Punitive and/or Exemplary damages to deter Defendants from future malicious, fraudulent, and oppressive conduct of a similar nature;

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ● Fax (702) 258-6983

7.      Pre-judgment and post-judgment interest on the amounts awarded at the prevailing legal rate;

8.      Equitable, extraordinary and/or injunctive relief in the form of an order reinstating Plaintiff to her position in accordance with the Americans with Disabilities Act;

9.      For an additional amount to account for any increased taxes Plaintiff may be called upon to pay in relation to any award made herein;

10.     Reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule;

B.  A trial by jury on all issues that may be tried to a jury; and/or

C.  For such other and further relief as the Court may deem just and proper.

Dated this 8th day of July 2025.

/s/  James P. Kemp
_____
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130

Attorneys for Plaintiff
*Yaritza Hernandez*

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below, a copy of the SECOND

AMENDED COMPLAINT was served on the following as indicated:

All Parties Registered
Through the CM/ECF system.


Dated this 8th day of July 2025.

                                                          _____
                                                                /s/ James P. Kemp
                                                          An employee of KEMP & KEMP