JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
I-CHE LAI, ESQ.
Nevada Bar No. 12247
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com
Email: i-che.lai@jacksonlewis.com

*Attorneys for Defendant*
*ARIA Resort & Casino, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YARITZA HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARIA RESORT & CASINO, LLC, a Nevada Limited Liability Company; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00725-GMN-BNW<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant ARIA Resort & Casino, LLC, by and through its counsel of record, the law firm of Jackson Lewis, P.C., hereby answers Plaintiff's Second Amended Complaint (ECF No. 49) as follows:

## JURISDICTIONAL ALLEGATIONS

1. Responding to Paragraph 1 of Plaintiff's Second Amended Complaint, Defendant admits that, in the Second Amended Complaint, Plaintiff purports to assert claims under the Family and Medical Leave Act (29 U.S.C. § 2601, et seq.), the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101, eq seq.), Nev. Rev. Stat. § 613.330, et seq., and Negligent Training, Supervision, and Retention under Nevada common law. Defendant further admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's purported claims for Nev. Rev. Stat. § 613.330, et seq., and Negligent Training, Supervision, and Retention

under Nevada common law. As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of those allegations and on that basis denies the allegations. Further, Defendant denies any wrongdoing or liability in this matter.

2.     Responding to Paragraph 2 of Plaintiff's Second Amended Complaint, Defendant admits that venue is proper. As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of those allegations and on that basis denies the allegations.

3.     Responding to Paragraph 3 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff appears to have signed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on July 26, 2023, and that Plaintiff listed disability discrimination and retaliation as the bases for the Charge. As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

4.     Responding to Paragraph 4 of Plaintiff's Second Amended Complaint, Defendant denies that Plaintiff's Charge of Discrimination, EEOC Charge No. 487-2023-01773, was dual filed with the Nevada Equal Rights Commission. As to the remaining allegations in this Paragraph, the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

5.     Responding to Paragraph 5 of Plaintiff's Second Amended Complaint, Defendant admits that the EEOC issued Plaintiff a Determination and Notice of Rights (i.e., Right to Sue) on February 14, 2024, and that Plaintiff filed the instant lawsuit on April 13, 2024 (ECF No. 1). As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

6.     Responding to Paragraph 6 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

7.    Responding to Paragraph 7 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

8.    Responding to Paragraph 8 of Plaintiff's Second Amended Complaint, Defendant denies that Plaintiff is entitled to any relief. As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of those allegations and on that basis denies the allegations.

## PARTIES

9.    Responding to Paragraph 9 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

10.    Responding to Paragraph 10 of Plaintiff's Second Amended Complaint, Defendant states that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

11.    Responding to Paragraph 11 of Plaintiff's Second Amended Complaint, Defendant states that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

12.    Responding to Paragraph 12 of Plaintiff's Second Amended Complaint, Defendant admits that it is a Nevada limited liability company that conducts business in Clark County, Nevada. As to the remaining allegations in this Paragraph, Defendant states that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

13.    Responding to Paragraph 13 of Plaintiff's Second Amended Complaint, Defendant admits that it employs individuals in the State of Nevada. As to the remaining allegations in this Paragraph, Defendant states that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

14.     Responding to Paragraph 14 of Plaintiff's Second Amended Complaint, Defendant states that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

15.     Responding to Paragraph 15 of Plaintiff's Second Amended Complaint, Defendant states that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

16.     Responding to Paragraph 16 of Plaintiff's Second Amended Complaint, Defendant states there are no allegations for Defendants to respond to; therefore, a response is not required. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

17.     Responding to Paragraph 17 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

18.     Responding to Paragraph 18 of Plaintiff's Second Amended Complaint, Defendant admits that it hired Plaintiff on October 12, 2021, as a full-time Cage Cashier and that Plaintiff had previously worked at Mandalay Bay Resort and Casino and Luxor Hotel and Casino at various times. Defendant further admits that Plaintiff reported she worked at other casino properties in the Las Vegas area. As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of those allegations and on that basis denies the allegations.

19.     Responding to Paragraph 19 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

20.     Responding to Paragraph 20 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

21.     Responding to Paragraph 21 of Plaintiff's Second Amended Complaint, Defendant admits that on or about February 24, 2023, Plaintiff's personnel file shows she received the following feedback: "great job helping in poker cage! You handled your hour by yourself really well!" Defendant further admits that on November 24, 2022, Plaintiff's personnel file shows she received the following feedback: "Yaritza, thank you for coming in on your day off to cover a call

out!" Defendant further admits that on November 9, 2022, Plaintiff's personnel file shows she received the following feedback: "Yaritza, thank you so much for coming in tonight on your day off, to cover a call out on swing!!" Defendant further admits that on June 3, 2022, Plaintiff's personnel file shows she received the following feedback: "Thank you, Yaritza for your flexibility in rearranging your schedule, working overtime when needed and doing everything possible to help out the team. I just want to thank you and to let you know you are appreciated." Defendant denies that the receipt of feedback rendered Plaintiff qualified for her position. As to the remaining allegations in this Paragraph, Defendant denies the allegations.

22.    Responding to Paragraph 22 of Plaintiff's Second Amended Complaint, Defendant is unable to admit or deny the allegations because they are vague and ambiguous as to time. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

23.    Responding to Paragraph 23 of Plaintiff's Second Amended Complaint, Defendant denies that Plaintiff informed her managers about her health conditions as early as June 2021. As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of those allegations and on that basis denies the allegations.

24.    Responding to Paragraph 24 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of those allegations and on that basis denies the allegations.

25.    Responding to Paragraph 25 of Plaintiff's Second Amended Complaint, the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

26.    Responding to Paragraph 26 of Plaintiff's Second Amended Complaint, Defendant denies any wrongdoing or violations of law. As to the remaining allegations in this Paragraph, those allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

27.    Responding to Paragraph 27 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

28.     Responding to Paragraph 28 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

29.     Responding to Paragraph 29 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

30.     Responding to Paragraph 30 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

31.     Responding to Paragraph 31 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

32.     Responding to Paragraph 32 of Plaintiff's Second Amended Complaint, Defendant admits Plaintiff applied for intermittent leave under FMLA in 2023. As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

33.     Responding to Paragraph 33 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

34.     Responding to Paragraph 34 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff was determined to be eligible for FMLA leave in 2023. As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

35.     Responding to Paragraph 35 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

36.     Responding to Paragraph 36 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

37.     Responding to Paragraph 37 of Plaintiff's Second Amended Complaint, Defendant admits that on March 10, 2023, Defendant attempted to notify Plaintiff that she was on

Suspension Pending Investigation due to attendance issues. As to the remaining allegations in this Paragraph, Defendant denies the allegations.

38.    Responding to Paragraph 38 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff's Separation states in part that "[t]he final incident occurred on 1/12/2023, when Hernandez called out, resulting in additional negative attendance infraction." As to the remaining allegations in this Paragraph, Defendant denies the allegations.

39.    Responding to Paragraph 39 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

40.    Responding to Paragraph 40 of Plaintiff's Second Amended Complaint, Defendant admits that it issued a letter to Plaintiff stating, in part, that "your request for intermittent leave under the Family Medical Leave Act (FMLA) has been approved. Your leave is approved effective 04/07/2023 through 10/07/2023." As to the remaining allegations in this Paragraph, Defendant denies the allegations.

41.    Responding to Paragraph 41 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff did not return to work after she was placed on suspension pending investigation on or about March 10, 2023. As to the remaining allegations in this Paragraph, Defendant denies the allegations.

42.    Responding to Paragraph 42 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

43.    Responding to Paragraph 43 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

44.    Responding to Paragraph 44 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

45.    Responding to Paragraph 45 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

46.     Responding to Paragraph 46 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

47.     Responding to Paragraph 47 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff used 8 hours of paid time off on April 25, 2023. As to the remaining allegations in this Paragraph, Defendant denies the allegations.

48.     Responding to Paragraph 48 of Plaintiff's Second Amended Complaint, Defendant admits the allegations.

49.     Responding to Paragraph 49 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

50.     Responding to Paragraph 50 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff's employment was terminated on May 1, 2023, based on Plaintiff violating the attendance policy for absences. As to the remaining allegations in this Paragraph, Defendant denies the allegations.

### FIRST CAUSE OF ACTION
### VIOLATION THE FAMILY MEDICAL LEAVE ACT
### (29 U.S.C. § 2615(a)(1))

51.     Responding to Paragraph 51 of Plaintiff's Second Amended Complaint, Defendant repeats and re-alleges each and every response made in Paragraphs above, as through set forth fully herein.

52.     Responding to Paragraph 52 of Plaintiff's Second Amended Complaint, Defendant admits that it employs over 50 employees within a 75-mile radius of the location where Plaintiff was employed in Clark County, Nevada. As to the remaining allegations in this Paragraph, Defendant avers that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

53.     Responding to Paragraph 53 of Plaintiff's Second Amended Complaint, Defendant avers that the allegations contain legal conclusions to which no response is required. To the extent

a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

54.     Responding to Paragraph 54 of Plaintiff's Second Amended Complaint, Defendant avers that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

55.     Responding to Paragraph 55 of Plaintiff's Second Amended Complaint, Defendant admits that it issued a letter to Plaintiff stating, in part, that "your request for intermittent leave under the Family Medical Leave Act (FMLA) has been approved. Your leave is approved effective 04/07/2023 through 10/07/2023." As to the remaining allegations in this Paragraph, Defendant avers that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

56.     Responding to Paragraph 56 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff was granted intermitted leave under FMLA effective 04/07/2023 through 10/07/2023. As to the remaining allegations in this Paragraph, Defendant avers that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

57.     Responding to Paragraph 57 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

58.     Responding to Paragraph 58 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

59.     Responding to Paragraph 59 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

60.     Responding to Paragraph 60 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

61.     Responding to Paragraph 61 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

62.     Responding to Paragraph 62 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

63.     Responding to Paragraph 63 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

64.     Responding to Paragraph 64 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

<u>SECOND AND THIRD CAUSES OF ACTION</u>
**DISCRIMINATION IN VIOLATION**
**OF THE AMERICANS WITH DISABILITIES ACT**
**AND NEVADA STATE LAW**

65.     Responding to Paragraph 65 of Plaintiff's Second Amended Complaint, Defendant repeats and re-alleges each and every response made in Paragraphs above, as through set forth fully herein.

66.     Responding to Paragraph 66 of Plaintiff's Second Amended Complaint, Defendant avers that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that 42 U.S.C.S. § 1211 defines an "employer," in part, as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this title, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person." Defendant further admits that it qualifies as an "employer" under 42 U.S.C.S. § 1211. As to the remaining allegations in this Paragraph, Defendant denies the allegations.

67.     Responding to Paragraph 67 of Plaintiff's Second Amended Complaint, Defendant admits that it employed at least 500 employees on May 1, 2023. As to the remaining allegations in

1    this Paragraph, Defendant is without sufficient knowledge to form a belief as to the truth or falsity

2    of the allegations and on that basis denies the allegations.

3        68.    Responding to Paragraph 68 of Plaintiff's Second Amended Complaint, Defendant

4    denies the allegations.

5        69.    Responding to Paragraph 69 of Plaintiff's Second Amended Complaint, Defendant

6    is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on

7    that basis denies the allegations.

8        70.    Responding to Paragraph 70 of Plaintiff's Second Amended Complaint, Defendant

9    admits that on March 10, 2023, Plaintiff reported to Defendant, in part, that "I have breast cancer,

10   we were waiting for the results we just got 2 days ago, and I need to do the ultrasound cause they

11   want to if it spread another part of my body." As to the remaining allegations in this Paragraph,

12   Defendant denies the allegations.

13       71.    Responding to Paragraph 71 of Plaintiff's Second Amended Complaint, Defendant

14   admits that on April 7, 2023, Plaintiff's healthcare provider stated that Plaintiff may experience 4-

15   8 hours of pain once per day, once per week. As to the remaining allegations in this Paragraph,

16   Defendant denies the allegations.

17       72.    Responding to Paragraph 72 of Plaintiff's Second Amended Complaint, Defendant

18   denies the allegations.

19       73.    Responding to Paragraph 73 of Plaintiff's Second Amended Complaint, Defendant

20   is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on

21   that basis denies the allegations.

22       74.    Responding to Paragraph 74 of Plaintiff's Second Amended Complaint, Defendant

23   denies the allegations.

24       75.    Responding to Paragraph 75 of Plaintiff's Second Amended Complaint, Defendant

25   is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on

26   that basis denies the allegations.

27

28

76.     Responding to Paragraph 76 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

77.     Responding to Paragraph 77 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff's employment was terminated on May 1, 2023. As to the remaining allegations in this Paragraph, Defendant avers that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

78.     Responding to Paragraph 78 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

79.     Responding to Paragraph 79 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

80.     Responding to Paragraph 80 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

81.     Responding to Paragraph 81 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

82.     Responding to Paragraph 82 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

83.     Responding to Paragraph 83 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

**FOURTH CAUSE OF ACTION**
**NEGLIGENT TRAINING, SUPERVISION AND RETENTION**

84.     Responding to Paragraph 84 of Plaintiff's Second Amended Complaint, Defendant repeats and re-alleges each and every response made in Paragraphs above, as through set forth fully herein.

85.     Responding to Paragraph 85 of Plaintiff's Second Amended Complaint, Defendant states the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

86.     Responding to Paragraph 86 of Plaintiff's Second Amended Complaint, Defendant states the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

87.     Responding to Paragraph 87 of Plaintiff's Second Amended Complaint, Defendant states the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

88.     Responding to Paragraph 88 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

89.     Responding to Paragraph 89 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

90.     Responding to Paragraph 90 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

91.     Responding to Paragraph 91 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

## **PRAYER FOR RELIEF**

Defendant denies the allegations contained in the Demand for Judgment for Relief in Plaintiff's Second Amended Complaint to the extent they are asserted against Defendant. Defendant further denies that Plaintiff is entitled to any damages, interest, punitive damages, attorney's fees and costs, equitable relief, or any other relief.

## **GENERAL DENIAL**

To the extent not specifically admitted above, Defendant denies the allegations of Plaintiff's Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

1.     Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

2.      To the extent applicable, Plaintiff's claims are barred for failing to timely exhaust applicable administrative, statutory, or contractual remedies. To the extent Plaintiff claims discrimination or retaliation which occurred more than 180 days before she filed her charge of discrimination with the Nevada Equal Rights Commission or 300 days before she filed her charge of discrimination with the U.S. Equal Employment Opportunity Commission, such claims are time-barred. To the extent Plaintiff purports to assert claims of discrimination and retaliation not included in his charges of discrimination filed with the Nevada Equal Rights Commission and U.S. Equal Employment Opportunity Commission, Plaintiff has failed to exhaust her administrative remedies.

3.      To the extent applicable, Plaintiff's claims are barred by virtue of the doctrines of waiver, laches, estoppel, and unclean hands.

4.      To the extent applicable, Plaintiff's damages are diminished in whole or in part by virtue of his failure to mitigate damages.

5.      Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendant, but was caused by circumstances, persons, and/or entities for which and/or by whom Defendant is not and may not be held responsible, including Plaintiff, and for which Defendant cannot be held liable.

6.      The damages sustained by Plaintiff, if any, was caused by her own acts and/or omissions and not those of Defendant.

7.      Plaintiff was terminated for just cause

8.      To the extent applicable, upon information and belief, after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on Plaintiff's Second Amended Complaint against Defendant, if any.

9.      Plaintiff's claims are barred in that Defendant's actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

10.     At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

11.     If the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant under theories of respondeat superior or vicarious liability.

12.     In the event that it is concluded that a prohibited factor motivated any act alleged by Defendant against Plaintiff, the same acts would have been undertaken even absent said alleged improper or discriminatory motive and, as such, Plaintiff is not entitled to any relief.

13.     Plaintiff's claims are barred to the extent they seek injunctive, declaratory, and or other equitable relief, because Plaintiff has an adequate remedy at law and has suffered no irreparable harm due to any alleged conduct of Defendant, and an injunction or equitable relief will not serve the public interest; rather, Plaintiff seeks an injunction solely for her own benefit.

14.     With respect to Plaintiff's disability discrimination claims, Plaintiff's claims are barred to the extent she is not "disabled" as that term is defined by NRS 613.330 et. seq. or the Americans with Disabilities Act, and to the extent she is not a qualified individual under the law. Moreover, Plaintiff's claims are barred, in whole or in part, because Defendant satisfied and/or discharged any applicable duty to engage Plaintiff in good faith interactive discussions to determine the availability of effective reasonable accommodations. Further, to the extent applicable, Plaintiff's claims are barred, in whole or in part, because granting the accommodation(s) Plaintiff sought or desired were not reasonable accommodations, were not required by law, and/or would have posed an undue hardship on Defendant.

15.     To the extent applicable, Plaintiff never requested or sought a reasonable accommodation.

16.     To the extent that Plaintiff was entitled to and sought reasonable accommodation, Defendant had no obligation to provide Plaintiff with the particular accommodation sought.

17.     To the extent applicable, Defendant provided a reasonable accommodation to the disability of the Plaintiff, but in spite of providing reasonable accommodation, Plaintiff was

unable to perform her job in a satisfactory manner. Plaintiff posed a direct threat to the health or safety of other individuals in the workplace that could not be eliminated by a reasonable accommodation if Plaintiff were employed at Defendant.

18.     To the extent applicable, Plaintiff's claims fail because Plaintiff was not denied any rights or benefits conferred by the FMLA to which Plaintiff was entitled.

19.     To the extent applicable, Plaintiff's claims against Defendant are barred to the extent Plaintiff failed to provide sufficient notice to Defendant about Plaintiff's alleged need for medical leave as required by the FMLA.

20.     To the extent applicable, Plaintiff failed to make a timely and/or adequate request for FMLA leave.

21.     To the extent applicable, Plaintiff is not an "eligible employee" within the meaning of the FMLA.

22.     Any claim for compensatory and/or punitive damages must be stricken as compensatory and punitive damages are not available under the FMLA.

23.     Plaintiff's Second Amended Complaint is barred, in whole or in part, because (a) Defendant maintained, distributed, and enforced anti-harassment, anti-discrimination and anti-retaliation policies and Plaintiff received such policies, (b) Defendant exercised reasonable care to prevent and correct harassment pursuant to *Ellerth/Faragher*, and (c) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

24.     Plaintiff's negligence claims are barred by the Nevada Industrial Insurance Act.

25.     If Plaintiff is adjudged to be entitled to any recovery, then Defendant is entitled to a set-off for any compensation, including without limitation to, unemployment compensation, wages, salaries, and/or social security payments, Plaintiff received.

26.     Plaintiff has failed to set forth facts sufficient to support a claim for punitive damages or attorneys' fees.

27.     Punitive damages against Defendant are not permissible because Plaintiff cannot establish that Defendant is guilty of oppression, fraud, or malice, express or implied.

28.     Pursuant to Fed. R. Civ. P. 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Second Amended Complaint, and therefore, Defendant reserves the right to amend its answer to Plaintiff's Second Amended Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by way of Plaintiff's Second Amended Complaint;

2.     That Plaintiff's Complaint be dismissed with prejudice in its entirety and judgment entered in favor of Defendant;

3.     That Defendant be awarded its attorneys' fees and costs; and,

4.     For such other and further relief as the Court deems proper and just.

Dated: July 28, 2025

JACKSON LEWIS P.C.


*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
I-CHE LAI, ESQ.
Nevada Bar No. 12247
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*ARIA Resort & Casino, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 31st day of July, 2025, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** properly addressed to the following:

James P. Kemp
Victoria L. Neal
KEMP & KEMP
7435 West Azure Drive
Suite 110
Las Vegas, Nevada 89130

*Attorney for Plaintiff*

/s/ Joshua A. Sliker
Employee of Jackson Lewis P.C.